𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

NORFOLK SOUTHERN RAILROAD CO. V. WHITE'S ADMX.

March 11, 1915.

Absent, Cardwell, J.

1. RAILROADS—*Negligence—Last Clear Chance—Case at Bar.*—In order that the doctrine of the last clear chance may apply it must appear that, in contemplation of the entire situation, after the danger of the plaintiff became known to the defendant, or ought to have been discovered by him by the exercise of ordinary care, the defendant negligently failed to do something which he had a clear chance to do to avoid the accident. The doctrine has no application where, as in the case at bar, the negligence of the plaintiff's intestate and that of the defendant, if there was any such, were so closely connected in point of time as not to have afforded the employees of the defendant a plain opportunity to avoid inflicting the injury for which the action is brought.

Error to a judgment of the Circuit Court of the city of Norfolk in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*James G. Martin,* for the plaintiff in error.

*Starke, Venable & Starke* and *R. E. Miller,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

This action was brought by the administratrix of Hiram White to recover from the defendant, the Norfolk Southern Railroad Company, damages for his death, which it is

alleged was caused by the negligence of the defendant company.    There was a verdict and judgment for the plaintiff which we are asked to review upon several assignments of error, all of which we think are plainly without merit and need not be further discussed, except the fourth, which is to the overruling of the defendant's motion for a new trial, and to the refusal of the court to set aside the verdict as contrary to the law and the evidence.

The facts are that the plaintiff's intestate was walking along the pathway between two tracks of the defendant company.    An engine which had stopped at a water tank to take on a supply of water was moving down the track in the same direction in which White was walking.    Suddenly he was seen to leave the path, step upon the track upon which the engine was moving, where he seemed to stumble and fall, and the engine passed over and killed him.

The right of the defendant in error to recover rests upon the doctrine of the last clear chance.    It is claimed that after the engineer and fireman operating the engine saw, or by the exercise of proper diligence could have seen, the deceased and have prevented the accident, they negligently failed to do so.

The proof upon the subject comes from a single witness, who says that he saw White when he stepped from the path upon the track; that he thinks the engine was then about twenty feet distant from him; that it was moving very slowly and could have been stopped within four or five feet.    Upon cross-examination he states that he cannot speak with certainty as to the distance; that White was between him and the engine and in a line with it; and that therefore he cannot undertake to state with accuracy how far the engine was off when White stepped upon the track, but he thinks it was about twenty or thirty feet.

If the minds, nerves and muscles of men were so accurately co-ordinated that there could be instantaneous ac-

tion to meet an emergency, there would perhaps be merit in this case, but as men are actually constituted, in order that the doctrine of the last clear chance may apply, "it must appear that in contemplation of the entire situation, after the danger of the plaintiff became known to the defendant, or ought to have been discovered by him by the exercise of ordinary care, he negligently failed to do something which he had a clear chance to do to avoid the accident. But the doctrine can have no application to a case where the negligence of both plaintiff and defendant is simultaneous and concurrent." *Real Estate, &c. Co.* v. *Gwyn,* 113 Va. 337, 74 S. E. 208.

White was walking in a place of safety. If the engineer or fireman of the engine had actually seen him on the path, he was not in a position of peril that called for action upon their part. He voluntarily left a position of safety and walked upon the track, when, if he had looked as it was his duty to do, he could plainly have seen the engine approaching within a short distance of him. It is not a case for the application of the doctrine of the last clear chance, because the act of negligence upon the part of White and that upon the part of the railroad company, if negligence there were upon its part, are so closely connected in point of time as not to have afforded the employees of the railroad company a plain opportunity to avoid inflicting the injury for which this suit is brought. The record presents, at most, a case of concurrent negligence for which there can be no recovery. *Real Estate, &c. Co.* v. *Gwyn, supra; Roanoke Ry. & Elec. Co.* v. *Carroll,* 112 Va. 598, 72 S. E. 125.

We are of opinion that the judgment should be reversed, the verdict of the jury set aside, and the case remanded for a new trial in accordance with the views herein expressed.

*Reversed.*