# Staunton

## C. C. FRAZIER v. PEARL STOUT.

September 19, 1935.

Present, Holt, Hudgins, Browning, Chinn and Eggleston, JJ.

The opinion states the case.

*William A. Stuart* and *S. B. Campbell,* for the plaintiff in error.

*T. L. Hutton* and *Warren & Cantwell,* for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

Pearl Stout, while walking or running across the highway was struck by an automobile operated by C. C. Frazier. For the injuries received she has recovered a verdict and judgment which are under review here on a writ of error granted Frazier. The parties will be referred to as they appeared in the court below.

The accident happened between eight and nine o'clock on the morning of October 10, 1933, in front of Mrs. Stout's residence, which is close to the eastern side of the State highway between Abingdon and Greendale, in Washington county, Virginia. The road, which runs approximately north and south, is hard surfaced for a width of nineteen and one-half feet, with a smooth eight-foot shoulder on each side. From a point about 600 feet south, to the Stout home, the road is straight and slightly down grade.

On the morning of the accident Mrs. Stout had driven her car to a store on the highway, north of her residence, for the purpose of making some purchases. On her return she parked the car on the western side of the road, and was in the act of crossing to her residence on the opposite side when she was struck.

The defendant, Frazier, accompanied by his niece, Mrs. Cole, was driving a Pontiac coupe northwardly at the time of the accident. There was no other traffic on the road at this point, the day was bright and the pavement dry.

According to the plaintiff's witnesses, as the car approached it was making approximately fifty miles per hour, and Mr. Frazier was looking not ahead, but off to his right. When Frazier realized that Mrs. Stout was in danger he cut his car to the right and ran off the hard surface of the road to the shoulder. Mrs. Stout continued on her course and was sideswiped by the left front fender of the car, just as she stepped from the hard surfaced portion of the road to the eastern shoulder. After the impact the Frazier car turned to the left and came to a stop on the hard surface about seventy-five feet from the point of the collision.

In view of the verdict of the jury it will not be necessary for us to review the testimony of Mr. Frazier and Mrs. Cole, which conflicts with that of the plaintiff's witnesses in several important respects.

According to Frazier's testimony, he first saw Mrs. Stout when he was about seventy-five yards from her parked car. She was then approaching a small boy who was standing on the western edge of the road near her car. Thinking that her purpose was to prevent the child from crossing the road, and having no intimation that she herself would cross in front of him, Frazier continued on his way. When his car was about fifty feet from her he realized that she was going to attempt to cross in front of him. In the emergency he put on his brakes, cut his car to the right and thought that he had cleared her until he

heard the noise of the impact against the left side of his car.

· While there are several assignments of error, the view which we take of the matter makes it necessary for us to discuss only one. Frazier's counsel do not contend that the evidence was insufficient to convict him of primary negligence. But they earnestly contend that according to the testimony of the plaintiff herself, she was guilty of contributory negligence which concurred with that of the defendant, continued up to the moment of the collision, and which bars her recovery.

The written opinion filed by the trial judge states: "In the court's mind there was little doubt that the plaintiff's own statement convicted her of negligence," but that whether the defendant had the last clear chance to avoid the accident was a question for the jury. In this connection the opinion further says: "My own impression from the evidence was that the plaintiff had the first, last, and every intermediate chance to avoid the accident."

 Since Mrs. Stout testified to practically every detail of the accident, under the well settled doctrine laid down by this court she cannot make out a more favorable case than her own evidence justifies. *Massie* v. *Firmstone,* 134 Va. 450, 462, 114 S. E. 652; *Maryland Casualty Co.* v. *Cole,* 156 Va. 707, 717, 158 S. E. 873; *Virginia Electric & Power Co.* v. *Vellines,* 162 Va. 671, 679, 175 S. E. 35.

Her general description of the accident is this: "I got out of the car and talked to Uncle Henry White five or ten minutes, and went down the road a step or two below the car and looked up and saw the car, the automobile, about 200 yards coming down the road, but I knowed I could make it, and it looked like he was flying, and didn't look like he was looking where he was going, looking the other way, and after I seen he was going to catch me, and the boy hollered, I run, and the car caught me on this leg (indicating), and I fell. I just remember the car hitting this leg and falling."

Pressed for details, she testified that when she first saw

the car she was at the western edge of the hard surfaced portion of the road. While she claimed that the car was then 600 feet away, she further said that it was close enough for her to see that it was coming at a rapid rate of speed and that the driver was looking, not where he was going, but off to the right. Despite this situation she started to walk straight across the road in front of the car. When she had gotten partly across she heard the warning cry of her son and began running until she had cleared the eastern edge of the hard surface of the road. During all the while she was crossing the road she kept her eyes on the rapidly approaching automobile. When she had cleared the hard surface she stopped looking, and saw the car no more until it shot in front of and sideswiped her. When she was struck she was only two and one-half feet, just one step, off of the hard surfaced portion of the road.

From this testimony of the plaintiff it is obvious that she stopped looking at the car at the very instant when it was most important for her to look. By her own admission, when she stepped off of the concrete the car was then "pretty close" on her. According to the testimony of her son it was approaching at an approximate speed of fifty miles per hour. It is evident that she did not see the car just before it struck her, because she said she did not know that the driver had turned his course sharply to the right and had run entirely off the concrete on the shoulder in the effort to avoid her.

We have this situation, then, where a pedestrian is in a place of safety, sees an automobile rapidly approaching, sees that the driver is not keeping a proper lookout, yet leaves this place of safety, and starts across the road. As she crosses she watches the rapidly approaching car all the time until she is only one step from its path, then she assumes that she is safe, although she knows that the car is almost upon her, stops looking and steps right in its way.

■ Assuming that the driver was guilty of primary

negligence, it is too clear for argument that the plaintiff, under these circumstances, was guilty of contributory negligence. See *Stephen Putney Shoe Co.* v. *Ormsby's Adm'r*, 129 Va. 297, 105 S. E. 563; *Meade* v. *Saunders*, 151 Va. 636, 144 S. E. 711; *Bailey* v. *Fore*, 163 Va. 611, 177 S. E. 100.

In applying the doctrine of the last clear chance and in submitting the case to the jury on this theory, we think the learned trial court was in error.

In *Virginia Electric & Power Co.* v. *Vellines*, 162 Va. 671, page 681, 175 S. E. 35, 39, this court, speaking through Justice Holt, said:

"* * * This is a humane doctrine and should be upheld but it must be applied with caution. The burden of proof is upon the plaintiff and he must show that the chance was clear. 'Perhaps' is not enough. The minds, nerves and muscles of men are not so accurately co-ordinated as that there can be instantaneous action to meet an emergency. *Norfolk Southern R. Co.* v. *White's Adm'x*, 117 Va. 342, 84 S. E. 646. Plainly it was not intended that it should wipe away and supersede the defense of contributory negligence.

"In *Norfolk Southern R. Co.* v. *Smith*, 122 Va. 302, 94 S. E. 789, 790, Judge Prentis said: 'The doctrine of the last clear chance has nowhere been better stated than in the syllabus to the case of *Roanoke Ry. & Electric Co.* v. *Carroll*, 112 Va. 598, 72 S. E. 125, thus: "The underlying principle of the doctrine of the 'last clear chance,' as declared by the decisions of this court, is that, notwithstanding the contributory negligence of the plaintiff, there is something in his condition or situation at the time of the injury to admonish the defendant that he is not able to protect himself. The doctrine is one of prior and subsequent negligence, or of remote and proximate cause, and presupposes the intervention of an appreciable interval of time between the prior negligence of the plaintiff and the subsequent negligence of defendant. Where the negligence of both continues down to the moment of accident and con-

tributes to the injury, the case is one of concurring negligence, and there can be no recovery." ' "

■ And again in the same case Justice Holt said (162 Va., page 682, 175 S. E. 35, 40) : "There is this exception to the rule which prevents a recovery where there is continued and concurring negligence. If, while these conditions exist, the defendant sees, or in the exercise of reasonable care should have seen, that plaintiff is oblivious of his danger or unable to extricate himself from a position of peril in which his negligence has placed him, then a reasonable effort should be made to avoid an accident. * * *"

"All things necessary to a recovery in such circumstances the plaintiff must prove by a preponderance of evidence." *Paytes* v. *Davis,* 156 Va. 229, 235, 157 S. E. 557, 559; *Barnes* v. *Ashworth,* 154 Va. 218, 248, 153 S. E. 711.

Applying these principles to the case before us, we think the evidence does not affirmatively show that the defendant had the last clear chance to avoid the accident after he saw, or should have seen, that the plaintiff was unconscious of her peril, or was in a situation from which she could not by the exercise of ordinary care extricate herself.

■ According to the testimony of the plaintiff, as she crossed the road she was looking at the approaching car all the time until she was in the act of stepping from the hard surface to the shoulder, immediately after which she was struck. If the defendant saw her, he saw, according to her statement, an adult person, in full possession of all her faculties, in the act of crossing the road, looking at the approaching car and fully conscious of the situation. The driver had the right to assume that she would use her faculties and stop. *(Paytes* v. *Davis,* 156 Va. 229, 236, 157 S. E. 557.) There was nothing in her conduct or attitude to indicate that she would not do so. If the defendant did not see her, he is surely charged with knowledge of nothing more than what he would have seen if he had observed

her, and this situation we have described according to her own testimony.

According to her own admission she stopped looking at the car just as she stepped from the hard surface to the shoulder and was struck at that instant. Certainly it does not appear from her testimony that there was any appreciable length of time between her taking her eyes off of the car and the impact. They must have been practically simultaneous. Paraphrasing what Judge Prentis said in the similar case of *Hendry* v. *Virginia Railway & Power Co.*, 130 Va. 282, 284, 107 S. E. 715, the fact that she was thus immediately struck is convincing proof that there was no last clear chance to save her.

According to the testimony of the defendant, his car was approximately fifty feet from her when he realized that she was not going to stop. He said he was traveling at forty miles an hour, or approximately sixty feet a second, while the plaintiff's son testified that he was going more than fifty miles an hour, or more than seventy-five feet a second. Under these circumstances it is obvious that only a fraction of a second elapsed from the time the defendant discovered her peril until the impact. According to his statement, therefore, he had no chance to avoid striking her.

The facts here are similar to those in *Green* v. *Ruffin*, 141 Va. 628, 125 S. E. 742, 127 S. E. 486. There an automobilist and a pedestrian had an uninterrupted view of each other for a distance of 125 feet, during which the pedestrian almost completed the crossing of a forty-six foot street before she was struck. There, as here, she watched the approaching car until it was within 125 feet of her, then proceeded to walk in front of it without looking further, and was struck. This court held that the doctrine of last clear chance did not apply. What we said there (141 Va., page 645, 125 S. E. 742, 747, 127 S. E. 486), aptly applies to the case at bar: "Assuming that the plaintiff was negligent, it was her duty, with the automobile in plain view coming toward her, to have looked and stopped

when such act would have been effective. She had the same last clear chance to protect herself as the defendant had to protect her, for the doctrine of last clear chance is a duty imposed by law on both the plaintiff and defendant. If being in plain view of each other and with equal opportunity to prevent the accident, they are guilty of concurring negligence, there can be no recovery."

See also, *Stephen Putney Shoe Co.* v. *Ormsby's Adm'r,* 129 Va. 297, 105 S. E. 563; *Meade* v. *Saunders,* 151 Va. 636, 144 S. E. 711.

■ Our conclusion is that the parties were guilty of concurring negligence continuing down to the moment of the collision. Therefore, the trial court should have struck out the plaintiff's evidence or set aside the verdict of the jury and entered a final judgment for the defendant.

For the reasons stated, the judgment appealed from should be reversed, and final judgment entered here for the plaintiff in error.

*Reversed.*