COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


DON RAY HUDGINS

                                        MEMORANDUM OPINION[*] BY
v.   Record No. 2527-96-1               JUDGE RICHARD S. BRAY
                                          OCTOBER 28, 1997
KAREN C. HUDGINS


        FROM THE CIRCUIT COURT OF MATHEWS COUNTY
                  John M. Folkes, Judge

        Samuel R. Brown, II (Samuel R. Brown, II,
        P.C., on brief), for appellant.

        McClanahan Ingles (Martin, Ingles & Ingles,
        Ltd., on brief), for appellee.


     Don Ray Hudgins (husband) appeals from the trial court's

adjudication of numerous support, equitable distribution and

related issues in dispute between husband and his former wife,

Karen C. Hudgins (wife).  Husband contends that the trial court

erroneously (1) ordered a lawnmower and weedeater returned to

wife, (2) refused to award him attorney's fees, (3) failed to

dismiss wife's request for sanctions and award him attorney's

fees incurred in the defense of such motion, (4) altered spousal

support fixed in the parties' separation agreement, (5) awarded

wife more spousal support than recommended by the "special

master" (master), (6) miscalculated husband's support arrearage,

and (7) fixed and ordered him to pay fees and costs of the

master.  Finding appellate review of several issues procedurally

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

barred and no merit in husband's remaining arguments, we affirm the decree.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.

## I. PROCEDURAL ISSUES

It is well established that an appellant must have previously presented all issues on appeal to the trial court, thereby permitting its consideration and appropriate response. See Rule 5A:18; Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc). Failure to raise timely and sufficient objection bars appellate review of any attendant error. See Lee, 12 Va. App. at 515, 404 S.E.2d at 738.

On appeal, the judgment of the trial court "is presumed to be correct[,] and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred." Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961). When appellant recites in a notice of appeal that a transcript will be filed and made a part of the record on appeal, "[a]n appellee has a right to rely on . . . [that] representation." Twardy v. Twardy, 14 Va. App. 651, 655, 419 S.E.2d 848, 850 (1992) (en banc). The transcript becomes a part of the record on appeal only when filed with the clerk of the trial court within 60 days after entry of the final judgment, attended by the requisite notice. Rule 5A:8(a). Appellant must

also timely file a statement of the questions presented on appeal, and omission of an issue precludes our review of such question.  See Rule 5A:25(d); Wash v. Holland, 166 Va. 45, 53-54, 183 S.E. 236, 240 (1936).

### Return of Lawn Equipment to Wife

The record does not establish preservation of this issue for appeal.  Although husband assigned error to the disputed ruling, he failed to sufficiently preserve a related objection in the final order.  We recognize that a party may also save an objection by argument before the trial court, see Lee, 12 Va. App. at 515-16, 404 S.E.2d at 738, but a proper transcript of the relevant proceedings is not a part of the record before us.  See Rules 5A:8; 5A:18.

### Attorney's Fees

Husband contends that the trial court erred "in finding that [husband] not be awarded any attorney's fees."  This issue was similarly not properly preserved for appeal.  See Rule 5A:18.

### Request for Sanctions and Related Attorney's Fees

Husband questioned "[w]hether the Court erred in not entering an Order dismissing sanctions filed against . . . [husband] and his counsel by Plaintiff's counsel and not awarding . . . [husband's] counsel attorney's fees for having to respond."  However, he argues on brief that the court failed to rule on husband's motion for sanctions against wife's counsel, an issue not included in the original question presented.  See Rule

- 3 -

5A:25(d).  Moreover, a transcript of the attendant proceeding, necessary to consider the issue on appeal, is not properly a part of the record.  See Rule 5A:8(a).

## II. ISSUES CONSIDERED ON THE MERITS

### Spousal Support

"Jurisdiction in a divorce suit is purely statutory, and does not encompass broad equitable powers not conferred by statute."  Boyd v. Boyd, 2 Va. App. 16, 19, 340 S.E.2d 578, 580 (1986) (citation omitted).  Code § 20-79 provides the court with jurisdiction to award spousal support in divorce proceedings "when either party . . . so requests."  See Code §§ 20-103, 20-107.1.  However, if the parties file a stipulation or contract before entry of the final decree, the court may award support only in accordance with such agreement.  Code § 20-109.  When the court "affirms, ratifies and incorporates" the agreement into a decree, it becomes an enforceable order.  Code § 20-109.1; see Rodriquez v. Rodriquez, 1 Va. App. 87, 90, 334 S.E.2d 595, 597 (1985).

Here, the court properly incorporated the stipulation agreement of the parties into a decree, thereby ordering husband to pay spousal support of $350 per month, and expressly permitting "wife [to] petition a court of competent jurisdiction" for review of the award upon "a change of circumstances." Husband's counsel subsequently agreed to $650 per month, prepared a related decree, and presented it for entry by the court,

endorsed by both counsel.  Clearly, the preparation and submission of the draft decree constituted a petition for modification pursuant to the agreement, vesting the court with jurisdiction to effect the disputed increase.

### Deviation from Master's Recommendation

Because the transcripts of the hearings on exceptions to the master's reports were not properly filed, we review only the reports and related orders of the court.  The master's supplemental report recites changes in the parties' financial circumstances since the initial hearing, resulting in a recommendation that spousal support be reduced to $385 per month.  Despite a confusing reference by the master to a support obligation of $500, the record discloses that the trial judge correctly interpreted the recommendation.  Although not expressly acknowledging the inconsistency, the court confirmed the report only "in part."  It "order[ed] that the said spousal support . . . [be] set at . . . [$500] per month . . . commencing June 1, 1996, but decline[d] to further reduce the said spousal support beyond $500.00 per month after considering all factors required in the Code of Virginia as well as the equities of this case."

Contrary to husband's argument, deviation by the court from the master's recommendation was not an abuse of discretion. Under settled principles,

> [w]hile the report of a commissioner in
> chancery does not carry the weight of a
> jury's verdict, Code § 8.01-610, it should be
> sustained unless the trial court concludes
> that the commissioner's findings are not

> supported by the evidence. This rule applies with particular force to a commissioner's findings of fact based upon evidence taken in his presence, but is not applicable to pure conclusions of law contained in the report. On appeal, a decree which approves a commissioner's report will be affirmed unless plainly wrong; but where the chancellor has disapproved the commissioner's findings, this Court must review the evidence and ascertain whether, under a correct application of the law, the evidence supports the findings of the commissioner or the conclusions of the trial court.

Hill v. Hill, 227 Va. 569, 576-77, 318 S.E.2d 292, 296 (1984) (citations omitted).

In determining spousal support, the trial court must consider the factors enumerated in Code § 20-107.1. See, e.g., Holmes v. Holmes, 7 Va. App. 472, 483, 375 S.E.2d 387, 394 (1988). Although this requirement

> implies substantive consideration of the evidence presented as it relates to all of these factors[,] [t]his does not mean that the trial court is required to quantify or elaborate exactly what weight or consideration it has given to each . . . . It does mean, however, that the court's findings must have some foundation based on the evidence presented.

Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986). "When the record discloses that the trial court considered all of the statutory factors, the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion." Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992).

Here, the trial court expressly confirmed consideration of

"all factors required in the Code of Virginia [Code § 20-107.1] as well as the equities of this case." Our review of the record and the award in issue discloses appropriate consideration of the statutory factors and attendant evidence by the trial court and suggests no abuse of discretion.

### Calculation of Support Arrearage

Husband contends that the trial court erroneously calculated the support arrearage, once noting an arrearage of $5,000, but later finding a total of $6,500. Correspondence from the court in the record clearly explains that its reference to $5,000 was a "misstatement," corrected by subsequent order.

### Order to Pay Fees and Costs of the Master

Although husband challenges on appeal the order requiring him to pay all fees and costs of the master, he raised no timely objection to the court's calculation, and review of this issue is, therefore, also precluded on appeal. See Rule 5A:18. A court of equity has discretion in the award of costs, see Code § 14.1-177; see Smith v. Woodlawn, 235 Va. 424, 431, 368 S.E.2d 699, 703 (1988), and our review of the record discloses no abuse of discretion in requiring husband to pay the disputed fees and costs in this instance.

Accordingly, for the foregoing reasons, we affirm the decree.

Affirmed.