# Richmond

## WILLARD STORES, INCORPORATED V. CHARLES A. CORNNELL, ADMINISTRATOR, ETC.

January 18, 1943.

Record No. 2602.

Present, Campbell, C. J., and Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*Frank L. Ball*, for the plaintiff in error.

*John Barton Phillips*, for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

The administrator of Sarah E. Cornnell, deceased, brought this action at law by notice of motion against Willard Stores, Incorporated, to recover for the wrongful death of decedent, by reason of having been hit by a truck owned by defendant and operated by its employee. There was a trial by a jury, which resulted in a verdict for the plaintiff.

It is assigned as error that the court erred in overruling the defendant's motion to set aside the verdict and enter final judgment in its behalf.

There is no conflict in the evidence adduced by the plaintiff, except in regard to statements made by the police officers, which will be referred to later.

No evidence was offered by defendant, as its truck driver, the only eye-witness to the accident, left its employ sometime after the accident and has not since been heard from.

The evidence introduced upon the trial is brief and may be thus summarized:

At the time of the accident there was a line of automobiles parked along the west curb of Mt. Vernon avenue, heading south, the same direction in which the truck of defendant was traveling. At the point where the accident occurred, the street was well lighted and there was nothing to obstruct the vision in either direction along Mt. Vernon avenue. The only mark on the truck indicating an accident was a small dent on the extreme left side of the front fender. Immediately behind the rear wheels of the truck there were skid marks two or three feet in length. The body of the deceased was lying about eighteen inches from the east side of the truck, between the front fender and the truck door. After being struck, Mrs. Cornnell never regained consciousness and four days after the occurrence, she died. She suffered a fractured skull and had a number of bruises on her body, the largest one being on her right hip.

Thus, it is seen that very little light is thrown on the accident, as shown by the physical facts. The fact that Mrs. Cornnell was struck on her right hip by the fender of the truck and that her body was found eighteen inches from the truck and in the immediate vicinity of the place of the

accident, is conclusive proof that the truck was not proceeding at a rapid rate of speed when the accident occurred.

In the absence of an eye-witness to the accident, it follows that plaintiff's right to recover is based upon the evidence of the two police officers who interviewed the driver of the truck when they arrived upon the scene and found him standing by the side of his truck. This evidence is brief, as follows:

George S. Elmore, a police officer of the city of Alexandria, testified in chief that he received a radio call to go to the scene of the accident; that it was a clear night, the street was dry and the lighting was good; that the driver of a car could see a person in the street and a person in the street could see a car approaching; that, upon his arrival at the scene, he had a conversation with Adger Cureton, the driver of the truck. In answer to the question: "Tell the court what he told you at the time," he replied:

"He said he saw the lady crossing the street, about in front of Frank's Cabaret, going from the east side over to the west side of the street. When she got in the center of the street, it looked like she got confused, and first turned around and looked back behind her, and then stood there in the middle of the street, like she didn't know where to go. He was approximately half a block from her at the time. He went on by, thinking she was going on. At the time he approached her, she started walking again over to the west side of the street, and the left front fender of his truck struck her and knocked her down."

Elmore, on cross-examination, also testified that Cureton told him that at the time of the impact he was going about twelve miles an hour; that he was on the right-hand side of the street; that she stopped in the center of the street; that when he was in eighteen or twenty feet of Mrs. Cornnell, she suddenly started walking again toward the west curb; that he cut to the right as far as he could with the parked cars at the curb; that he put his brakes on and tried to avoid striking her.

George W. Embry, the police officer who accompanied officer Elmore to the scene of the accident, testified as follows:

"We talked to the colored fellow, and the statement he made to us was that he saw the woman. She was coming towards the bowling alley, crossing the street, and she got about middleway of the street. She stopped and looked back toward the bowling alley as if she were waiting for someone. He thought she was going to stand there and he continued coming south, and all of a sudden she turned and ran in front of the truck. That is the statement he made to us, so we brought him on down to Headquarters and made out the accident report."

It is to be observed that the statements of the two officers dovetail, except that Elmore stated that Cureton said Mrs. Cornnell "started walking again over to the west side of the street," while Embry stated that Mrs. Cornnell "turned and ran in front of the truck."

██ ██ To repeat a thrice-told tale, before plaintiff is entitled to recover on the ground that defendant was guilty of negligence, it must be shown by a preponderance of the evidence that the defendant was guilty of primary negligence which was the proximate cause of the accident. Has the plaintiff borne this burden? The question must be answered in the negative.

A careful examination of the evidence reveals that Cureton, the driver of defendant's truck, on the night of the accident was proceeding south upon Mt. Vernon avenue at a rate of speed not exceeding twenty-five miles per hour; that one-half block ahead of him, and in plain view, he saw Mrs. Cornnell crossing the street at a point other than the cross-walk; that when she arrived at "about" the center of the street, she stopped and looked back toward the side of the street from which she had come; that the driver of the truck thought she would remain in the center of the street until the truck passed; that the speed of the truck was reduced to twelve miles per hour as it approached Mrs. Cornnell; that the truck was on its proper side of the street; that when

within eighteen feet of Mrs. Cornnell, she either walked or ran into the left fender of the truck and sustained injuries which resulted in her death.

It is contended, however, that the doctrine of the last clear chance should be applied and the verdict sustained on that ground.

In *McNamara* v. *Rainey Luggage Corp.*, 139 Va. 197, 123 S. E. 515, this court held that the "last clear chance doctrine" could be invoked by the defendant as well as by the plaintiff.

In that case, an action for damages arising from a collision between the cars of plaintiff and defendant, the trial court very properly instructed the jury that even though the driver of defendant's car was running at an excessive rate of speed and was negligent in not keeping a proper lookout, this did not excuse the plaintiff for putting himself in the way of an oncoming dangerous instrumentality which, by the exercise of ordinary care, he should have discovered in time to have avoided the collision.

In the recent case of *Yellow Cab Corp.* v. *Henderson*, 178 Va. 207, 215, 16 S. E. (2d) 389, Mr. Justice Spratley quotes with approval the doctrine stated by Mr. Justice Holt in *Joynes* v. *Coard*, 175 Va. 571, 9 S. E. (2d) 454:

" 'Whenever one sees another in a place of peril from which it appears that he can not extricate himself or where it appears that he is unconscious of his danger, or whenever by the exercise of ordinary care the defendant should have been cognizant of the situation and has a last clear chance to avoid an accident with safety to himself, he must take that chance. In short, he is charged with what he saw and with what he should have seen. The antecedent negligence of a plaintiff does not of itself preclude his recovery. Starkly stated, the reason for the rule is this: One cannot kill another merely because he is negligent.' "

In the case at bar there is no evidence that the driver of the truck observed that decedent was in a place of peril from which she could not extricate herself. On the other hand, it conclusively appears that seeing her in a place of

safety, he assumed, as he had a right to assume, that she would not proceed to cross to the west curb of the street in front of the oncoming truck.

In *Green* v. *Ruffin*, 141 Va. 628, 125 S. E. 742, 127 S. E. 486, it appears that Mrs. Green, the pedestrian, while walking across the street, was struck by a car and badly injured. In discussing the doctrine of last clear chance, Judge Christian said:

"It is the well established rule of law in Virginia in the application of the doctrine of the last clear chance that, seeing a person in the apparent possession of all his faculties with back turned to an approaching vehicle or with head bowed or turned away, approaching the track of the vehicle, with no super-added circumstances, or evidence of unconsciousness of peril, does not impose upon the operator of the vehicle the duty of prevision; he has the right to assume that a normal person in a situation requiring the exercise of prudence will use his faculties in time to prevent his injury. That is the course of human experience."

That Cureton, the driver of the truck, was keeping a proper lookout is evinced by the fact that he veered the truck to the right as far as possible, slowed down to twelve miles per hour and stopped immediately when the impact occurred.

In *Frazier* v. *Stout*, 165 Va. 68, 181 S. E. 377, Mr. Justice Eggleston commented upon the fact that the plaintiff left a place of safety, with an automobile in full view, and, in discussing the last clear chance doctrine, adopted the view expressed in *Virginia Elec., etc., Co.* v. *Vellines*, 162 Va. 671, 175 S. E. 35. There it is said:

" 'This is a humane doctrine and should be upheld but it must be applied with caution. The burden of proof is upon the plaintiff and he must show that the chance was clear. "Perhaps" is not enough. The minds, nerves and muscles of men are not so accurately co-ordinated as that there can be instantaneous action to meet an emergency. *Norfolk Southern R. Co.* v. *White's Adm'x*, 117 Va. 342, 84 S. E.

646. Plainly it was not intended that it should wipe away and supersede the defense of contributory negligence.' "

Our conclusion is that the negligence of the decedent was the sole and proximate cause of the accident which resulted in her death. It follows that we are of opinion that the trial court erred in overruling the motion to strike the evidence and in refusing to enter judgment for the defendant.

The judgment will be reversed and annulled and final judgment entered here for Willard Stores, Incorporated.

*Reversed.*