### THOMAS v. GOLDMAN et al.
### No. 5702.

Circuit Court of Appeals, Fourth Circuit.
April 1, 1948.

Glenn W. Ruebush, of Harrisonburg, Va., for appellant.

Fred B. Gentry, of Roanoke, Va. (W. W. Wharton, of Harrisonburg, Va., on the brief), for appellees.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

Geneva Martin Thomas instituted a civil action against the defendants in the United States District Court for the Western District of Virginia. In her complaint she sought damages for personal injuries alleged to have been sustained by her when she was struck by a truck of the defendants, driven by one Purdy.

A jury was empanelled and, at the conclusion of the evidence offered by plaintiff, the District Judge directed the jury to return a verdict in favor of the defendants. This verdict was accordingly returned by the jury and judgment thereon was duly entered. Plaintiff has appealed to us. We must affirm the judgment below, as we think the Disrict Judge properly directed a verdict for defendants on the ground that the plaintiff was guilty of contributory negligence as a matter of law.

The accident occurred in Virginia in the open country on United States Highway Number 11. This is a main highway running practically North and South. At the point of the accident, this highway is about 30 feet wide, hard surfaced, with three lanes divided by white lines, and for over half a mile in both directions is straight and level. The accident happened near midday, the weather was clear and the visibility about perfect. The only traffic on the highway was the bus and the truck.

Plaintiff, a woman fifty-three years old, was a passenger on a Southbound Greyhound bus. The bus pulled off the highway to the West shoulder. Plaintiff alighted from the bus which started South; then plaintiff walked a short distance North, entered on the hard surface and started East across the highway. There was no occasion for hurry, as plaintiff intended to catch, on the Eastern side, a Northbound bus which was not due for an hour. The truck which struck and injured plaintiff was in the East lane of the highway and was going North.

According to the plaintiff's own testimony:

"Q. Then what did you do after you got off the bus? A. I waited, as I remember, I waited a few seconds and then walked out from behind the bus and the bus started to pull out. And I looked down the road toward New Market, which was north; I also looked up the road, which was south; and I saw nothing at all, no vehicle of any kind. The road, apparently, was clear.

"Q. What did you do? A. Then I started across the highway and the last thing I remember was that there was nothing in either direction when I started. I don't remember getting anywhere at all.

"Q. How did you start? Did you start to walk, run, or how? A. I started walking because I knew I had plenty of time.

"Q. Not in a hurry? A. I was in no hurry at all.

\*　\*　\*　\*　\*　\*

"Q. Do you remember anything that happened down on the road after the accident? A. I don't remember a single thing after I looked down the road and up the road.

"Q. You didn't see the truck? A. I didn't see the truck. I didn't see any kind

of vehicle. The only thing that I saw at all was the bus which had already moved on off.

"Q. Did you hear any horns? A. I didn't hear anything, no horn at all."

The only other witness to the accident was the bus driver, Sharp, who was introduced by the plaintiff.

On direct examination, Sharp testified:

"A. What attracted my attention was when she had gotten off of my bus, I put my bus in low gear and started on off as usual. And this truck was coming down, I'd say three or four hundred yards up the road. When he gets in about a hundred yards of me, or hundred feet of me, something like that, I notice him blowing his horn and pulling off on the shoulder of the road. That's what attracted my attention that it was something wrong. As I looked out of my rear view mirror and I saw the lady with a small bag and her purse holding her hat on—the wind was blowing quite hard, holding it up on her head like this (indicating) and running across near the side of the highway.

"Q. Where was she? A. In the center lane; I saw her in the middle lane."

 Counsel for plaintiff relies heavily upon the Virginia Statute, Va.Code § 2154 (126) (f) (Michie Supp., 1946) which reads:

"Pedestrians.— * * *

"(f) When actually boarding or alighting from street cars or passenger buses, pedestrians shall have the right of way over vehicles, but shall not, in order to board or alight from street cars or passenger buses, step into the highway or street sooner nor remain there longer than is absolutely necessary so to do."

The law of Virginia is controlling here. In Lucas v. Craft, 161 Va. 228, 235, 170 S.E. 836, 838, we find:

"The pedestrian's right of way extends from one side of the street to the other. It does not begin at any particular point in the intersection nor does it end at any particular point. It begins on one side of the street and extends until the pedestrian has negotiated the crossing."

This rule was quoted with approval in Bethea v. Virginia Electric & Power Co., 183 Va. 873, 879, 33 S.E.2d 651.

 But the Supreme Court of Appeals of Virginia has often pointed out that a pedestrian, who has the right of way while crossing a street or highway, is not relieved of the duty of exercising proper care for his own safety. Said Associate Justice Spratley, in Arlington & Fairfax Motor Transportation Co. v. Simmonds, 182 Va. 796, 803, 804, 30 S.E.2d 581, 584:

"Conceding that the law imposes upon the operator of a bus the duty to exercise a greater degree of vigilance at an intersection, this does not absolve a pedestrian from the duty to exercise ordinary care for his own safety. Conceding Mrs. Mallinoff the right of way, this gave her no right to step directly in front of the moving motor bus. It was her duty, under the circumstances, to exercise care commensurate with the danger which the situation presented.

* * * * * *

"It is negligence as a matter of law to heedlessly or inadvertently step directly in front of a moving bus, and this rule applies as well to a passenger just discharged from a bus in a potentially unsafe place, when and where there is no immediate or imminent danger which requires or justifies such a step, as to any other pedestrian. The accident to Mrs. Mallinoff would not have occurred but for her heedless and needless misstep."

And with reference to the same statute relied upon by plaintiff in the instant case, Justice Spratley continued:

"As said in Virginia ·Electric & Power Co. v. Blunt's Adm'r, supra [158 Va. 421, 163 S.E. 329], and Thornton v. Downes, supra [177 Va. 451, 14 S.E.2d 345], while the statute, Virginia Code, 1942, (Michie) section 2154(126), relating to the rights of pedestrians at intersections, accords a pedestrian the right of way at such intersections, the pedestrian is guilty of contributory negligence which bars a recovery for injuries suffered, if, abandoning all care, he attempts to assert his right of way in the face of approaching traffic dangerously near to him."

318

Further cases to the same effect could easily be cited.

█ In the light of these decisions, the District Judge, in the instant case, quite properly ruled that the plaintiff was guilty of contributory negligence as a matter of law. Plaintiff could not have looked carefully both North and South, under the undisputed facts of the case, without seeing the oncoming truck. And if, as her witness, Sharp, testified: "I saw the lady (in the center lane) with a small bag and her purse holding her hat on—the wind was blowing quite hard, holding it up on her head like this (indicating) and running across the side of the highway", she was doing anything but exercising due care for her own safety. In Stephen Putney Shoe Co. v. Ormsby's Adm'r, 129 Va. 297, 303, 105 S.E. 563, 565, we find: " * * * if he did look, he was bound to see the truck and was negligent as a matter of law in stepping in front of it; and, if he did not look, his negligence as a matter of law is none the less apparent."

█ And a careful review of the evidence here clearly discloses that plaintiff failed utterly to make out a case for the jury under the doctrine of last clear chance. Jenkins v. Johnson, 186 Va. 191, 42 S.E.2d 319; Willard Stores v. Cornnell, 181 Va. 143, 23 S.E.2d 761; Hutcheson v. Misenheimer, 169 Va. 511, 194 S.E. 665; Bailey v. Fore, 163 Va. 611, 177 S.E. 100.

The evidence of the bus driver indicated that the driver of the truck was running well within the speed limit. There was nothing whatever to indicate to the truck driver either that the plaintiff was unable to take care of herself or that she would leave her place of safety and recklessly rush across the road right into the path of the oncoming truck. Finally, the truck driver, at the risk of serious injury to himself, made strenuous efforts to avoid the accident—by running the truck off the paved road into the shoulder and then turning back into the road so sharply that the truck was overturned.

The judgment of the District Court is affirmed.

Affirmed.