966 F.2d 1444
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ralph SACKS, Plaintiff-Appellant,
v.
Ozzie HARVEY, Defendant-Appellee.
 No. 91-2185.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 4, 1992
Decided: June 2, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-90-652-3)
 Argued: Douglas K. W. Landau, Abrams & Landau, Ltd., Alexandria, Virginia, for Appellant.
 William Vaughan Riggenbach, Duane & Shannon, P.C., Richmond, Virginia, for Appellee.
 On Brief: James C. Shannon, Duane & Shannon, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before SPROUSE, Circuit Judge, BUTZNER, Senior Circuit Judge, and BLATT, Senior United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 The automobile driven by Ozzie Harvey struck Ralph Sacks, a pedestrian, as Sacks was attempting to cross Route 301 in Petersburg, Virginia. Sacks sued Harvey in negligence seeking $250,000 in damages for personal injuries. A jury returned a verdict in favor of Harvey. Sacks appeals, claiming that the district court erred in not instructing the jury on the last clear chance doctrine. We affirm.
 
 
 2
 Route 301 in Petersburg, Virginia, runs north and south. The Days Inn Hotel is on the west side of Route 301, before the I-95 entrance ramp; the Stephen Kent Motel is on the east side. Although there is no crosswalk or traffic light between the two motels, it was established at trial that many people cross Route 301 at this point. White lines mark the east and west sides of Route 301 to distinguish the highway from the non-traveled portions.
 
 
 3
 On April 4, 1989, Ralph Sacks attempted to cross Route 301 to meet his wife at the Stephen Kent Motel. At that same time, Ozzie Harvey was traveling southbound on Route 301 at approximately 3035 m.p.h. The posted speed limit was 45 m.p.h. Harvey testified that he saw Sacks cross the grassy area that separated the Day's Inn entrance from the white line marking the edge of the highway but that he expected Sacks to look or stop before stepping into the southbound lane of Route 301. Unfortunately, Sacks did not. As Sacks began to cross the highway, Harvey braked and turned to the left to avoid hitting him, but to no avail.
 
 
 4
 At trial, the court instructed the jury on contributory negligence, but declined to offer instructions on the last clear chance doctrine. The jury returned a verdict in favor of defendant Harvey. The only issue raised on appeal is whether the district court erred in not instructing the jury on the last clear chance doctrine.
 
 
 5
 In Virginia the last clear chance doctrine is applied in two situations: (1) where the injured party has negligently placed himself in a position of peril from which he is physically unable to remove himself (the helpless plaintiff), or (2) where the injured party has negligently placed himself in a position of peril from which he is physically able to remove himself but is unconscious of his peril (the inattentive plaintiff). Simmers v. Depoy, 184 S.E.2d 776, 780 (Va. 1971), citing Greear v. Noland Co., 89 S.E.2d 49, 53 (Va. 1955). In either event, liability vel non turns on whether the defendant realized or ought to have realized the plaintiff's peril in time to avert the accident by use of reasonable care. Simmers, at 780. The doctrine should be applied with caution, and the burden of proof is on the plaintiff to show that the chance was clear. See Willard Stores, Inc. v. Cornnell, 23 S.E.2d 761, 763 (Va. 1943). The fact that the accident could have "perhaps" been avoided is not enough. Id.
 
 
 6
 Harvey conceded that he saw Sacks in a position where he would attempt to enter the traffic lanes of the busy highway. At the time he saw him, however, Sacks was in a place of safety. In our view, Harvey had the right to assume that Sacks would not proceed across the highway in front of Harvey's oncoming vehicle. See Willard, 23 S.E.2d at 763. It was not until after Sacks crossed the white line that Harvey could or should have realized Sacks' perilous position. According to the uncontradicted testimony of a bystander witness, William Tudor, Harvey's vehicle by that time was"right on top of him." We are persuaded that the evidence clearly demonstrates that Harvey did not then have time to avert the accident and that the court appropriately declined to instruct the jury on the last clear chance doctrine.
 
 AFFIRMED