# Richmond

PAUL H. JENKINS v. MARY M. JOHNSON, ADM'X, ETC.

April 21, 1947.

Record No. 3171.

Present, Holt, C. J., and Hudgins, Gregory, Eggleston, Spratley and Buchanan, JJ.

192

The opinion states the case.

*Chas. B. Godwin, Jr., Mills E. Godwin, Jr.,* and *I. W. Jacobs,* for the plaintiff in error.

*Thomas L. Woodward,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

Mary M. Johnson, as administratrix of William Dempsey Johnson, instituted this action against Paul H. Jenkins for the wrongful death of decedent. From an adverse judgment of $3,000 entered on the verdict, Paul H. Jenkins obtained this writ of error.

The decisive question is whether the evidence is sufficient to sustain the verdict.

The facts are undisputed. William Dempsey Johnson and his wife operated a filling station about five miles west of Suffolk on Route 58, which is an east and west route. The filling station is on the south side of the highway and their residence is opposite it on the other side. The hard surface of the highway is 33 feet wide and divided by white lines into three traffic lanes each 11 feet wide. There are wide dirt shoulders on each side. Shortly after 6:00 P. M. on January 4, 1945, defendant was proceeding west on this route. Decedent was observed standing on the south side of the highway in front of the filling station. As soon as two motor vehicles traveling east passed him, he started across

the highway. Defendant, traveling west at between 25 and 30 miles an hour, first saw decedent when he (decedent) was about the center of the middle lane and when defendant was 25 or 30 steps to the east. Defendant immediately blew his horn. When he saw that decedent did not intend to stop and permit him to pass, he swerved his car to the right. At about the same time decedent increased his speed and walked or half-ran into the side of defendant's car when the right wheels were at least three feet off the hard surface on the right shoulder. Decedent's body hit the center of the left front fender of defendant's large Buick car and his head struck the windshield post. His body fell back on the highway diagonally across the white line which divides the westbound and center traffic lanes. Defendant skidded 54 feet in the ditch and pulled out of the ditch on the shoulder 87 feet from the body.

The highway was level and straight for approximately one quarter of a mile east and west of the point of impact. After the motor vehicles traveling east had passed, there was nothing to prevent either defendant or decedent from seeing the other. If defendant was negligent in failing to see decedent, decedent was equally negligent in failing to see defendant's car. If it be conceded that the defendant was negligent in failing to see decedent in time to have avoided the accident, then it must be conceded that if decedent had stopped walking at any point within four feet of the northern edge of the hard surface, he would have saved himself from the collision. No question of who had the right of way is involved.

■ ■ When an automobile driver, who is otherwise free from negligence, sees an adult pedestrian in a place of safety on or near the highway, he has a right to presume that such pedestrian will exercise ordinary care to protect himself from injury. In order for plaintiff to invoke the doctrine of the last clear chance, he must introduce evidence which shows that defendant had sufficient time and opportunity, after he discovered, or should have discovered, plaintiff's danger from his own negligence, to avoid the injury.

Mr. Justice Spratley, in *South Hill Motor Co.* v. *Gordon*, 172 Va. 193, 204, 200 S. E. 637, said: "The plaintiff, Gordon, had a clear view of the approaching car. He was confronted with a situation where its onward progress made a collision inevitable if one of them did not move out of the way. Passing cars blocked the approaching automobile from the left side of the road. Gordon had ample opportunity to avoid the collision, but for some reason, which he does not satisfactorily explain, declined and refused to exercise the normal instinct of self-preservation."

Mr. Justice Gregory, in *Hutcheson* v. *Misenheimer*, 169 Va. 511, 517, 194 S. E. 665, said: "This doctrine presupposes time for effective action. It is not applicable where the emergency is so sudden that there is no time in which to avoid the accident. Unless there is an appreciable difference in time between the earlier negligence of the plaintiff and the later negligence of the defendant and a last clear chance to avoid the accident afforded the defendant which he fails to avail himself of, the doctrine does not apply.

"The plaintiff is not entitled to recover under the doctrine upon mere peradventure. The burden is upon him to show affirmatively by a preponderance of the evidence that by the use of ordinary care after the peril was discovered the defendant in fact had a last clear chance to avoid the injury. A mere possibility is not sufficient." See, also, *Paytes* v. *Davis*, 156 Va. 229, 157 S. E. 557; *Bailey* v. *Fore*, 163 Va. 611, 177 S. E. 100; *Frazier* v. *Stout*, 165 Va. 68, 181 S. E. 377; *Willard Stores* v. *Cornnell*, 181 Va. 143, 23 S. E. (2d) 761.

Both defendant and decedent had equal opportunity to see each other and to avoid the collision. Neither exercised proper care. Decedent's negligence was a contributing cause of his injuries.

The judgment of the trial court is reversed, the verdict of the jury set aside and final judgment for defendant will be entered here.

*Reversed and final judgment.*