# Richmond

### HERMAN B. ANDERSON v. MAE B. PAYNE.

June 20, 1949.

Record No. 3479.

Present, All the Justices.

The opinion states the case.

*George A. Revercomb, Jr.* and *Edmund Revercomb,* for the plaintiff in error.

*J. H. Barger, J. C. Goodwin* and *William Goode,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The plaintiff, Mae B. Payne, was struck and injured by an automobile driven by the defendant, Anderson. She sued Anderson, James W. Dudding and Coca-Cola Bottling Company of Clifton Forge, Incorporated. The evidence was struck out as to the two last-named defendants and no exception was taken to that ruling. A verdict and judgment for $3,500 were obtained against Anderson, to whom this writ of error was granted. He assigns several errors, but the controlling issue is whether plaintiff had a right to recover under the doctrine of last clear chance. It is not contended that she was entitled to recover on any other theory.

Condensed and stated in the light most favorable to the

plaintiff, the evidence establishes the following facts and circumstances:

Plaintiff was struck from the rear by defendant's automobile while walking on Rose street, which extends in a northerly and southerly direction in the city of Clifton Forge. The vehicular-traveled hard surface is fifteen feet wide and bordered on each side by dirt shoulders varying in width at different places. Due to unevenness of surface and grass, the shoulders are not very suitable for walking thereon, yet, for some two or three feet on each side of the hard surface they can be used by pedestrians.

At the northern end of the block in which the accident happened Pine street intersects, and at the southern end is Church street. About 7:10 o'clock a. m., on December 17, 1946, plaintiff was walking southwardly from Pine street along her right, or the western, side of Rose street toward Church street. She was on the hard surface about six to twelve inches from the dirt shoulder. She had walked along on the edge of the hard and vehicular-traveled portion of the street from Pine street and reached the center of the block when struck by the automobile of defendant. She states that since the shoulders of the street were rough and unfit for pedestrian travel, she walked on the right edge of the hard surface.

Immediately before the collision a truck of the Coca-Cola Bottling Company, driven by Dudding, had entered Rose street from Church street and was proceeding northwardly thereon along the eastern side of the hard surface and thus approaching plaintiff.

Defendant, beside whom was seated his father, had driven down Rose street from a point north of Pine street, which he had just crossed, and in proceeding southwardly approached plaintiff. He was also meeting the northbound truck.

During the night, frost had accumulated on the windshield of defendant's car. About 7:00 o'clock a. m., before he and his father left their home, he wiped the windshield,

but testimony discloses that the areas attempted to be cleared of frost in front of the driver and his father were not sufficiently large or clear to afford very good vision.

The morning was cloudy, cold and dreary. Some witnesses say it was a little foggy and visibility thus impaired. All witnesses agreed upon the fact that it was shortly after dawn and as the two vehicles, one going north and one south, approached the plaintiff, both were burning their headlights, as was a car that arrived on the scene a moment later. A fourth car, driven by one of the State police, who responded to a call to the scene and arrived about fifteen or twenty minutes after the collision, was also using headlights. In short, visibility was distinctly poor at the time of the accident, and though objects could be seen by the light of dawn, prudence required use of headlights on motor vehicles.

As defendant and his father crossed Pine street on their southbound course along Rose street, they saw the lights of the truck which had just entered that block from Church street. They state that their car was being driven at from ten to fifteen miles an hour and there is nothing to contradict this evidence of its operation at that lawful and moderate speed, unless the distance it went after the accident might indicate otherwise. They also say that as their automobile and the truck approached each other, the lights from the other vehicle interfered with their vision, but there is testimony that with the aid of the breaking day, the lights of the oncoming truck should not have materially affected their ability to see the plaintiff ahead of them.

Just before his vehicle and the truck passed, defendant and his father saw plaintiff on the hard surface a few feet ahead and defendant undertook to swerve his car to the left to avoid her. Due to her extremely close and dangerous proximity when first seen, this attempt was unsuccessful and she was hit by the right front fender. His car continued on, collided with and scraped the left side of the truck and

then proceeded on about sixty feet from where it struck plaintiff before coming to rest.

Plaintiff says that as she walked down the right side of the street, she saw the oncoming truck with lights burning but they did not interfere with her vision and she could see other objects quite well by the oncoming daylight. She did not hear defendant's car approaching, observe the light therefrom, or look to her rear at any time for traffic. When in the middle of the block, almost abreast of the truck and oblivious of the car behind her, she was struck by defendant's vehicle.

Upon resolving all just inferences in favor of plaintiff, we think the evidence was sufficient to establish negligence on the part of defendant. It was his duty to keep a proper lookout, *Voight* v. *Reber*, 187 Va. 157, 46 S. E. (2d) 15, and the jury could have concluded that he was not doing so from the fact that he did not see the plaintiff until he was right on her. Also, when visibility was poor he undertook to drive his car without having properly cleared the frost from his windshield, and because of that circumstance could not, or did not, see plaintiff ahead of him. Driving under such conditions is negligence. *Maryland* v. *Coard*, 175 Va. 571, 9 S. E. (2d) 454. It is also clear that his negligence was a contributing cause of the injury.

The following facts are, however, conclusively established by the testimony: (a) The plaintiff, in violation of the statute (Code, 1942 (Michie), section 2154(126)(g), 1948 Cum. Supp.), walked along her right-hand side of the hard surface with her back to oncoming traffic, at a time and under such circumstances as to render it distinctly probable that she might not be seen by a driver approaching from the rear; (b) defendant and his father saw her about the same time, but at that moment the car was only a few feet from her and so close that defendant was unable to avoid striking her, though he made efforts to prevent the mishap.

Plaintiff insists that notwithstanding her negligence in

walking along the wrong side of the street, the defendant, in the exercise of ordinary care, should have seen her in time to avoid striking her, and that, therefore, the doctrine of last clear chance applies.

Defendant asserts that the doctrine is not applicable because the plaintiff was guilty of contributory negligence which proximately caused or contributed to her injuries, in that she knowingly walked on the wrong side of the road in negligent disregard of potential danger, and that at any time before the mishap she could have avoided it by the exercise of ordinary care. He contends, in other words, that the evidence and all just inferences from it, viewed in the light most favorable to the plaintiff, discloses negligence on her part which never became remote but actively continued down to the time of the collision and effectively contributed to it, thus making a case to which the last clear chance doctrine did not apply.

Clearly it was too late for the defendant to avoid the collision after he actually saw the plaintiff. But in Virginia it has long been established, and affirmed in repeated decisions, that the doctrine of last clear chance applies not only where the defendant actually saw, but also where, by the exercise of ordinary care, he ought to have seen, the plaintiff in a situation of helpless or unconscious peril.

In *Barnes* v. *Ashworth*, 154 Va. 218, 153 S. E. 711, former cases were reviewed and held to establish the doctrine as applicable in this State not only to cases in which such peril of the plaintiff was actually known, but also to cases where it would have been known if the defendant had exercised reasonable care to maintain a proper lookout, and was under a legal duty to do so. This is the rule that has been recognized and followed in this jurisdiction in all subsequent cases, without exception. *Keeler* v. *Baumgardner*, 161 Va. 507, 171 S. E. 592; *Frazier* v. *Stout*, 165 Va. 68, 181 S. E. 377; *Dobson-Peacock* v. *Curtis*, 166 Va. 550, 186 S. E. 13; *Crawford* v. *Hite*, 176 Va. 69, 10 S. E. (2d) 561; *Yellow Cab Corp.* v. *Henderson*, 178 Va. 207, 16 S. E.

(2d) 389; *Harris Motor Lines* v. *Green,* 184 Va. 984, 37 S. E. (2d) 4, 171 A. L. R. 359; *Jenkins* v. *Johnson,* 186 Va. 191, 42 S. E. (2d) 319.

"In short," said the late Chief Justice Holt in *Maryland* v. *Coard, supra,* "he is charged with what he saw and with what he should have seen. The antecedent negligence of a plaintiff does not of itself preclude his recovery. Starkly stated, the reason for the rule is this: One cannot kill another merely because he is negligent." 175 Va. at p. 581, 9 S. E. (2d) at p. 458.

This rule has been criticized as lacking in certainty and clarity in its application, and we have commented on the fact that it is more liberal to the plaintiff than the rule applied in many other jurisdictions. *Barnes* v. *Ashworth, supra; Harris Motor Lines* v. *Green, supra.* But that difficulty does not disappear in the application of the narrower rule that the defendant must know that the plaintiff is in peril or be charged with that knowledge from the circumstances; nor is the difficulty any greater than in many other cases where it becomes necessary to apply a definite rule of law to the endless variety of facts within its influence. In any event, we are not convinced that in this day of reckless driving and its toll of dead and crippled we should now abandon a rule which puts some restraint upon one who would drive without looking, or without means of seeing persons in his path, even though they are negligently there.

But in determining whether the rule so established is to be applied, certain definite limitations are to be observed.

The doctrine is not to be allowed to wipe out or supersede the defense of contributory negligence. *Frazier* v. *Stout, supra.*

It is a rule that must be applied with caution, and its application is not to be extended to become in fact a rule of comparative negligence. *Virginia Elec., etc., Co.* v. *Vellines,* 162 Va. 671, 175 S. E. 35; *Hutcheson* v. *Misenheimer,* 169 Va. 511, 194 S. E. 665.

The plaintiff is not entitled to recover under this doctrine on mere peradventure. The burden is on him to show by a preponderance of the evidence that he was in a situation of peril, of which he was unconscious or from which he could not by the exercise of reasonable care extricate himself, and that after his peril was discovered, or ought to have been discovered, the defendant had a last clear chance to save him by the exercise of ordinary care. *Barnes* v. *Ashworth, supra; Saunders* v. *Temple,* 154 Va. 714, 153 S. E. 691; *Paytes* v. *Davis,* 156 Va. 229, 157 S. E. 557; *Jenkins* v. *Johnson, supra,* 186 Va. at pp. 193-4, 42 S. E. (2d) at p. 320.

The obligation of observing the last clear chance is mutual. If the plaintiff had an equal chance with the defendant to avoid the accident, or the last clear chance to do so, the plaintiff cannot recover. *Green* v. *Ruffin,* 141 Va. 628, 125 S. E. 742, 127 S. E. 486; *Dick* v. *Virginia Elec., etc., Co.,* 158 Va. 77, 163 S. E. 75; *Harris Motor Lines* v. *Green, supra.*

Whether the doctrine applies is to be determined by the facts of the particular case. The defendant's chance must be the last chance and a clear chance; and if the negligence of the defendant is not the sole proximate cause of the accident, but the negligence of the plaintiff continues and is also a proximate cause, as distinguished from a remote cause, the defendant is not liable. *Stuart* v. *Coates,* 186 Va. 227, 238, 42 S. E. (2d) 311, 316-17.

■ Measured by these rules the doctrine of last clear chance is not applicable under the facts of this case.

If it be conceded, which is very doubtful, that the defendant had reasonable time and opportunity to save the plaintiff, after he discovered or should have discovered that she was in a position of unconscious peril (she was never in a position of helpless peril), her negligence in being in that position continued as a proximate, not a remote, cause of the accident.

The plaintiff, possessing the full use of her faculties, was

at all times able to prevent the mishap by the exercise of ordinary prudence. Instead of doing so, she deliberately and knowingly elected to walk on the forbidden side of the road, and thus actively exposed herself to danger. The hard surface was only fifteen feet wide, and as she met the oncoming truck she was necessarily aware that any vehicle approaching from the rear would ordinarily, if not necessarily, traverse that part of the street upon which she was walking. The conditions of weather and of visibility were apparent to her. She lived on Rose street, used it in going to her work and knew of traffic conditions. She knew she was meeting the truck; she knew that the noise from it would affect her hearing the sound of an automobile coming down the street behind her; and that the lights of the truck would interfere with the warning she might have from the lights of such approaching automobile, as well as interfere with her being discovered by the driver of such automobile. Yet, with a safe place easily available to her a few feet to her left, where the statute required her to walk, she continued to walk, in violation of the statute, in a place where ordinary prudence would tell her it was dangerous for her to be, and without looking behind her or making any effort to see whether a vehicle was approaching from that direction.

Her negligence was thus never remote but always an efficient and proximate cause of the accident. The plaintiff always had as much chance to save herself as the defendant had to save her. Such chance as he had never became a last clear chance because her chance was at least as real and as available and as continuous as his. The evidence in fact shows that her negligence was more responsible for this accident than was his. It appears conclusively that her negligence in walking on the wrong side of the street, in violation of the statute, and under conditions which a reasonably prudent person would recognize as dangerous, "did not merely create a condition out of which the collision arose but it was an immediate, efficient contributing cause

of the collision." *Hooker* v. *Hancock*, 188 Va. 345, 358, 49 S. E. (2d) 711, 717.

The recited facts distinguish the present case from *Herbert* v. *Stephenson*, 184 Va. 457, 35 S. E. (2d) 753, relied on by plaintiff, where "there was plenty of room on the concrete" for the defendant to pass and the plaintiff was walking on the shoulder of the road, thus presenting a jury question whether the plaintiff's negligence was remote. The facts here present a situation more closely related to that in *South Hill Motor Co.* v. *Gordon*, 172 Va. 193, 200 S. E. 637, where the plaintiff. continued to ignore a danger that should have been apparent to a reasonable person.

*Herbert* v. *Stephenson, supra,* in fact points up a possible result of a last clear chance rule as the concurring opinion in this case would have it; that is, while a negligent plaintiff who is helpless in his peril may recover if the defendant saw him, *or ought to have seen him,* a negligent plaintiff who is only unconscious of his peril cannot recover unless the defendant *actually saw him.* Thus it would be that a plaintiff who was walking on the right shoulder of a three-lane highway, and therefore negligent under the holding in *Crouse* v. *Pugh*, 188 Va. 156, 49 S. E. (2d) 421, could not recover if the motorist who ran him down was not looking where he was driving, yet a second plaintiff who was crippled and being carried by the first plaintiff could recover since the same motorist ought to have been looking.

The judgment of the trial is reversed and final judgment will be entered for the defendant.

*Reversed and final judgment.*

MILLER, J., concurring in result.

I agree with the majority opinion that the facts of this case do not justify the application of the doctrine of last clear chance and that, therefore, the verdict and judgment should not be sustained. I cannot, however, agree with the approach and reasoning by which that result is reached.

Almost thirty years ago it was apparent to this court that conflict obtained in decisions dealing with the doctrine of last clear chance. In the case of *Gunter* v. *Southern Ry. Co.* (1920), 126 Va. 565, 101 S. E. 885, in an exhaustive opinion, the scholarly Judge Burks, in recognizing such conflict, stated: "It may be that the previous decisions of this court do not seem to be in entire harmony on this subject * * *."

This unsatisfactory state of the law has not been rectified, but has become more pronounced since that opinion was written. That is made certain by the observation of Mr. Justice Gregory in the recent case of *Harris Motor Lines* v. *Green*, 184 Va. 984, 992, 27 S. E. (2d) 4. He there said:

"We will not undertake to discuss or attempt to reconcile the cases in which the doctrine has been applied or withheld. This would be impossible because the cases are irreconcilable."

With that statement I fully agree.

The opinion in *Barnes* v. *Ashworth* (1930), 154 Va. 218, 153 S. E. 711, also reflects the lack of harmony in these decisions. At the present time the conflict has attained the status of confusion and the principle, as now applied, is often blended with, if it does not actually amount to, adoption of the comparative negligence rule.

This conflict and confusion, I am convinced, is due to the failure of the court to recognize that the doctrine of last clear chance necessarily presupposes a situation in which both plaintiff and defendant are negligent, *i. e.*, a pure and simple case of negligence on the part of defendant and contributory negligence on the part of plaintiff, which, upon purely legalistic principles, would result in a finding favorable to defendant. However, for just and humane considerations and to avoid that harsh and inevitable result, the law allows two types of plaintiff to recover, notwithstanding their contributory negligence, *if and only if* certain circumstances are present. These circumstances are: (1) When a plaintiff has been and is negligent but is in a helpless con-

dition immediately preceding the mishap and therefore unable to avoid it, he may nevertheless recover if the defendant saw or should have seen him in time to avoid the collision by the use of reasonable care, and (2) when a plaintiff, who, because of his negligence, is in a situation of danger but can readily help himself, yet is negligently inattentive and unaware of the surrounding circumstances of peril, he may recover if the defendant saw him or was apprised of his presence and realized, or in the exercise of reasonable care, should have realized his danger in time to avoid the mishap.

That these two distinct classes of parties plaintiff exist under this doctrine is clearly recognized and their rights fully explained in sections 479 and 480 of the Restatement of the Law of Torts. This court, has, however, in my opinion, failed to follow that line of demarcation which was set out and announced in *Richmond, etc., Ry. Co.* v. *Yeamans* (1890), 86 Va. 860, at p. 869, 12 S. E. 946.

Though she was violating the statute and negligent down to the moment of impact and at all times readily able to remove herself from the zone of danger, plaintiff insists that she is entitled to recover if in the exercise of ordinary care defendant *should have seen* her and realized or should have realized that she was in a position of peril and oblivious of her danger and he thereafter had opportunity to avoid the mishap by the exercise of ordinary care. That, she asserts, is a fair statement of the doctrine of last clear chance as it has been liberally applied by this court.

Chief among the cases relied on is *Herbert* v. *Stephenson*, 184 Va. 457, 35 S. E. (2d) 753, and it may well be. I find its facts so strikingly similar to those in the case at bar that they need not be set forth in detail. It is sufficient to say that there the plaintiff was not helpless but negligently inattentive. The defendant did not see him until too late to avoid striking him. The plaintiff could have saved himself from injury by the exercise of ordinary care at any time before the accident, yet because there was a duty

upon defendant driver to keep a proper lookout which he failed to do, the court applied the doctrine because the defendant *should have seen* this negligently inattentive plaintiff. At page 462, it is said:

"* * * whether, under all the circumstances of the case, the defendant, in the exercise of the care incumbent upon him saw or should have seen, the plaintiff in time to have avoided striking him was for the jury after having been properly instructed."

That opinion then quotes with approval the following paragraph from *Dobson-Peacock* v. *Curtis*, 166 Va. 550, 186 S. E. 13:

"* * * We should bear in mind that a defendant is liable under the last clear chance doctrine both where he actually sees the peril of the plaintiff and fails to exercise ordinary care to avert the injury, and also where the defendant being under a duty to keep a proper lookout for the plaintiff, by the exercise of ordinary care, should have seen the plaintiff's peril in time to have avoided the injury by the use of ordinary care." (184 Va. at p. 463.)

In my opinion, the *Herbert Case* was erroneously decided and should be overruled. I find no more reason for the application of the doctrine of last clear chance there than in the case at bar. The present majority opinion, upon distinctly similar facts, refuses its application and I consider it to be in obvious conflict with the views expressed in the former case.

Otherwise stated, if the doctrine of last clear chance as applied in the *Herbert Case* is still the law of Virginia, then the verdict and judgment in the case at hand should not be disturbed. If it is the intention of the court to now adhere to the views expressed in the *Herbert Case*, then I think this case should be affirmed. But in any event, the present opinion fails to clarify the existing confusion and, in my opinion, adds another conflicting decision to the unsatisfactory situation that now obtains.

With all inferences resolved in plaintiff's favor, it must

be recognized that by the exercise of reasonable vigilance or care, she could have avoided the collision. She was never, for a moment, in helpless peril—a typical example of which was dealt with in the very recent case of *Washington, etc., Railroad* v. *Taylor*, 188 Va. 458, 50 S. E. (2d) 415. Though decedent's helpless peril was there caused by his own negligence, he was, immediately prior to the accident, unable to avoid it and the defendant, in the exercise of ordinary care owed by it, not to plaintiff, but to persons using or upon the track in some way as was to be reasonably expected, should have discovered his situation of danger and thus had reason to realize his helpless peril, and thereafter a reasonable opportunity existed to avoid the mishap.

Decedent fell within that class of persons, *i. e.*, a negligent but helpless person—to whom the defendant is liable if he saw or in the exercise of reasonable care should have seen him in time to avoid the mishap. *Atlantic Coast Line R. Co.* v. *Gates*, 186 Va. 195, 42 S. E. (2d) 283.

To the other class belongs *Clay* v. *Bishop*, 182 Va. 746, 30 S. E. (2d) 585. Plaintiff, with his back to traffic and leading a horse along the right side of the highway, was plainly visible and seen by defendant as he approached from the rear in his truck. Being apprised of plaintiff's presence in front of him, he realized or ought to have realized his position of peril and his apparent oblivion thereto in time to have, in the exercise of reasonable care, avoided striking him. He therefore had the last clear chance.

In the present case, plaintiff, enjoying the full exercise of her faculties, could, at all times, by the exercise of ordinary care, have relieved herself of the danger of being struck, and it is not shown that defendant knew of her presence or situation and therefore realized or had reason to realize that she was inattentive and so unlikely to discover her danger and avoid injury. She belongs to that class of plaintiffs, *i. e.*, a carelessly inattentive person to whom the defendant is liable only if *he knew of her presence* and realized or should have realized her peril in time to have avoided the collision.

On the facts of this case, to entitle plaintiff to an instruction under the doctrine of last clear chance, it was incumbent upon her to establish that she was not only inattentive to her perilous position in which she had knowingly placed herself, but that defendant *saw her* and realized, or should have realized, her inattentiveness and danger and then failed to use reasonable care to avoid the collision. *Hooker v. Hancock*, 188 Va. 345, 49 S. E. (2d) 711.

After defendant saw her on the wrong side of the road, the evidence fails to disclose any means by which he could have avoided striking her. Until the moment of impact, she was afforded and enjoyed as good an opportunity to avoid the collision as did defendant. Each being unaware of the other's presence, but under equally positive duty to keep an efficient lookout for pedestrian and vehicular traffic on the street, and the plaintiff at no time being helpless, an element for the application of the last clear chance is lacking, namely, *knowledge on the part of defendant of the presence of plaintiff*, thus affording an opportunity, in the exercise of reasonable care, to realize her danger in time to avoid the injury.

Through failure to adhere to any certain formula or principle (but to decide each case on its shaded facts), the circumstances under which the doctrine has been applied or withheld in many of the former decisions of this court are so varied and illusory as to render its correct use by the trial courts most difficult if not impossible. The serious difficulties now encountered by the profession and those courts in the practical application of the doctrine is not rectified or alleviated by that continued fusion and confusion with the rule of comparative negligence. The many conflicting decisions on the subject and the statement in this majority opinion that, "The evidence in fact shows that her negligence was *more* responsible for the accident than was his;" (emphasis added), is abundant proof that confusion with the rule of comparative negligence obtains and sufficient evidence of its deplorable result.

Not only is the statement in the majority opinion, which I have quoted above, proof that confusion with the rule of comparative negligence exists in Virginia, but we also find in that opinion an attempted distinction between *Herbert* v. *Stephenson, supra,* and the case at bar. It seems to me that the distinction sought to be made, *i. e.*, a plaintiff walking on the shoulder of the road with his back to traffic, as in the *Herbert Case* can recover, but a plaintiff walking on the edge of the paved portion of the highway with his back to traffic, as in the present case, cannot recover—is rather far-fetched. I think the majority opinion, in attempting to differentiate the facts of the two cases, really says that the plaintiff in the case at bar was a little more negligent than the one in the *Herbert Case.* However, the majority opinion tries to explain this questionable incongruity by stating that in the *Herbert Case* it was a jury question whether or not the plaintiff's negligence was remote, and in the case at bar, that the plaintiff was negligent down to the moment of impact. In both cases we have negligent plaintiffs who are physically able to help themselves, and the question that should be raised is not whether plaintiff or defendant is the more responsible, but did defendant see plaintiff and realize, or in the exercise of reasonable care should have realized, his position of peril and reasonably attempted to avert the collision.

In view of the decision in *Crouse* v. *Pugh,* 188 Va. 156, 49 S. E. (2d) 421, which states that it is a violation of the statute and thus negligence in walking on the shoulder of the road with one's back to traffic, compare this majority opinion with that in *Herbert* v. *Stephenson, supra.*

No good purpose could be served by reviewing the many cases in which the doctrine of last clear chance has been applied or withheld in this jurisdiction. That has been done at length and with care in the Virginia Annotations to the Restatement of the Law of Torts, compiled by William T. Muse, now Dean of the University of Richmond Law School. They are enumerated and discussed under sections

479 and 480 in that Annotation, which constitutes a Supplement to the Restatement of the Law of Torts.

It is sufficient to say that the Restatement of the Law of Torts recognizes the two classes of plaintiffs, and the set of circumstances under which each is entitled to invoke the doctrine. The text of 38 Am. Jur., "Negligence", sections 223 and 224, pages 908 and 909, also sets forth this distinction. The Virginia Annotations point out the failure of the Virginia decisions to adhere to this line of demarcation and the resultant conflict and confusion.

It is my view that this court should recognize the two different classes of parties plaintiff, and by doing so, I am convinced that future conflict would be avoided.

I concur only in the result reached in the majority opinion.

MR. CHIEF JUSTICE HUDGINS and MR. JUSTICE SPRATLEY join me in this opinion.