## Richmond

JOHN C. LANIER V. MARTHA JOHNSON, EXECUTRIX, ETC.

October 10, 1949.

Record No. 3523.

Present, All the Justices.

The opinion states the case.

*James & Richardson* and *I. W. Jacobs*, for the plaintiff in error.

*Ross A. Kearney, A. W. E. Bassette, Jr.* and *Savory E. Amato*, for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This action grows out of a collision at a street intersection between a car driven by the defendant below, John C. Lanier, and one driven by J. T. Johnson. Johnson subsequently died and his executrix, plaintiff below, alleging that his death was due to Lanier's negligence, recovered a verdict and judgment for $5,000 against Lanier, to whom this writ of error was granted. The controlling issue is whether the judgment can be sustained under the last clear chance doctrine, which was submitted to the jury over defendant's objection.

The collision occurred about 7:45 a. m., May 1, 1948, at the intersection of Mallory avenue and North King street, in the city of Hampton. Mallory avenue runs east and west;

North King streets runs north and south. On the west of the intersection Mallory avenue is a four-lane highway, 48 feet wide, on the east side it is 69 feet wide but is there divided by a curbed grass plot which begins 51 feet from the east edge of the intersection and extends east. This grass plot is 19 feet wide, dividing the avenue into two driveways, each 25 feet wide. North King street is approximately 33 feet wide on both sides of the intersection. The streets, both of which are hard-surfaced and level, cross each other at right angles and there is nothing to obstruct vision.

There was an overhead traffic light at the intersection, which was located, however, not at the center of the intersection but six feet from its northern edge, or approximately in front of the northern driveway of Mallory avenue. This light was green for east-west traffic on Mallory avenue at the time of the accident.

Lanier was driving east on Mallory avenue and approached the intersection at 30 miles an hour, according to one witness for the plaintiff, or at 25 miles an hour, according to another of her witnesses, and according to defendant's evidence. The speed limit there was 25 miles an hour.

Johnson, who was nearly 75 years old, a minister and also a juvenile officer of the city, approached the intersection from the east, driving west on Mallory avenue, meeting the defendant, and intending to turn south, or to his left, into King street to go to the police station on that street, which would take him across defendant's lane of travel. He gave no signal of his purpose to make a left turn, nor did he drive beyond the center of the intersection before turning, but drove diagonally across Mallory avenue, passing approximately 35 feet east of the center of the intersection, or about half-way between the center of the intersection and the end of the grass plot. He was driving slowly, at a speed estimated by plaintiff's witnesses to be from three to seven miles an hour, and had reached the south lane of Mallory avenue, some eight or ten feet from the southeast corner of the intersection, when his car was struck by Lanier's car.

The Johnson car was struck on its right side, the force of the collision pushing its rear end around so that when it came to rest it was facing west, with its left rear wheel about two feet from the curb at the southeast corner of the intersection. There was evidence for the plaintiff that the rear end of the car was then in Mallory avenue and the front end in King street—that is, in the intersection. One of her witnesses testified that all of the car was then in Mallory avenue and none of it within the intersection. After the collision Johnson got out of his car and walked around it and then got back in. He was later taken to a hospital, where he died some three weeks later as a result, according to the medical testimony, of the effect of the collision on his pre-existing physical condition.

The evidence is without conflict that Johnson was driving diagonally across Mallory avenue, as described, and that he did not enter the intersection until just before reaching the south traffic lane of Mallory avenue, in which defendant was approaching and into which Johnson drove immediately before he was struck. Maps were introduced in evidence, on which plaintiff's witnesses pointed out the course of Johnson's journey and the place where the accident occurred. One of these witnesses, Trainham, had just driven up going north on King street and was sitting in his car at the southeast corner of the intersection waiting for the light to change. He saw both cars approaching and saw the collision. He said that when the Johnson car cut across it was headed straight toward him until he wondered how it was going to miss him, but that it was struck in the south lane of Mallory avenue before it got to him.

In undertaking so to drive across Mallory avenue to enter North King street, without proceeding past the center of the intersection of the two streets, and without giving any signal to indicate his purpose to make such a move, Johnson violated the statutes requiring that he do both (Code, 1942 (Michie), secs. 2154(121)(a) and 2154(122); Code, 1950, secs. 46-231, 46-233, 46-234). He was, therefore, guilty of

negligence, which, under the facts of this case, was an efficient cause of his death and bars recovery. *Virginia E. & P. Co.* v. *Clark*, 179 Va. 596, 601, 19 S. E. (2d) 693, 695; *Standard Oil Co.* v. *Roberts*, 130 Va. 532, 107 S. E. 838; *Hubbard* v. *Murray*, 173 Va. 448, 3 S. E. (2d) 397; *Hamilton* v. *Glemming*, 187 Va. 309, 46 S. E. (2d) 438; *Powell* v. *Virginian Ry. Co.*, 187 Va. 384, 46 S. E. (2d) 429; *Scott* v. *Simms*, 188 Va. 808, 51 S. E. (2d) 250.

The facts proved fail to establish elements of the last clear chance doctrine essential to entitle plaintiff to recover in spite of her decedent's negligence. The evidence is sufficient, perhaps, to establish that the defendant was negligent in driving too fast through the intersection and that such negligence was a proximate cause of the collision, but the negligence of the decedent is undeniable and that it contributed to the collision is plain.

The doctrine of last clear chance does not supersede the defense of contributory negligence. *Frazier* v. *Stout*, 165 Va. 68, 181 S. E. 377. It does not save a plaintiff from the bar of his own negligence unless he has shown that after the situation of peril created by his previous negligence was discovered, or ought to have been discovered, the defendant had a last clear chance to prevent the accident by using ordinary care. *Jenkins* v. *Johnson*, 186 Va. 191, 42 S. E. (2d) 319; *Saunders* v. *Temple*, 154 Va. 714, 153 S. E. 691.

If opportunity to avoid the accident was as available to the decedent as to the defendant, then decedent's negligence was not a remote cause of the collision but continued as a proximate cause of it, and the defendant is not liable. *Green* v. *Ruffin*, 141 Va. 628, 125 S. E. 742, 127 S. E. 486; *Yellow Cab Corp.* v. *Henderson*, 178 Va. 207, 16 S. E. (2d) 389; *Stuart* v. *Coates*, 186 Va. 227, 42 S. E. (2d) 311; *Anderson* v. *Payne*, 189 Va. 712, 54 S. E. (2d) 82.

These principles of the last clear chance doctrine preclude its application under the facts of this case. Here the evidence shows beyond question that at all times while the decedent slowly drove diagonally across Mallory avenue he

had a clear view of the approaching car, and had he looked he was bound to have seen it. At any time after he started his left turn he could have stopped before reaching the defendant's lane of travel. No other cars, so far as the evidence suggests, were in the way of his stopping, and in front of the 19-foot grass plot there was a safe place where he could have stopped.

There were skid marks made by defendant's car in Mallory avenue beginning about ten feet west of the intersection and continuing to the point of collision, a distance of approximately 33 feet. Defendant testified that when he first noticed the Johnson car "cut the corner" he was about two car-lengths from the intersection and he realized there might be a collision about the time he was entering the intersection. At that time the Johnson car, as defendant pointed out on a map, was in the middle of Mallory avenue, about half-way between the center of the intersection and the end of the grass plot, and around 20 feet from the south traffic lane in which defendant was approaching. The defendant immediately applied his brakes and tried to stop but the distance was too short and he struck the side of decedent's car, as stated.

As defendant approached the crossing the traffic light was green, indicating he could proceed. If he saw, or should have seen, the Johnson car approaching, he saw no signal to indicate it would turn across his path. Even when he saw it proceeding diagonally across Mallory avenue, there was yet no evidence that its driver did not see defendant approaching and would not stop in the space opposite the end of the grass plot. Defendant testified that was what he first thought Johnson would do. Under the evidence, therefore, Johnson never was in a situation of peril so far as defendant saw, or should have seen, until he failed to stop in the safe place that was available to him and was proceeding into the defendant's lane. It was then too late to avoid striking him and defendant had no last clear chance to avoid the accident. *DeMuth* v. *Curtiss*, 188 Va. 249, 258, 49 S. E. (2d) 250, 254.

On the other hand, as stated, there was no time from the

beginning of decedent's diagonal journey across Mallory avenue when he could not have seen defendant's car approaching and when he could not have stopped before driving in front of it. The only danger he had to guard against would come from his right, or from the west, as he cut across the east-bound traffic lanes of Mallory avenue. There was every reason for him to expect a car from that direction and he must have known that the green traffic light opened the intersection to cars coming from the west in the lanes of travel he was about to cross. Even a glance in that direction would have warned him of the approach of defendant's car and he could as readily have stopped as he could have looked. Very clearly his failure to do so was negligence that never ceased to be an efficient, proximate cause of his injury.

Plainly the decedent was a co-author of his own misfortune. His careless, even reckless manner of turning across the street "did not merely create a condition out of which the collision arose but it was an immediate, efficient contributing cause of the collision." *Hooker* v. *Hancock*, 188 Va. 345, 358, 49 S. E. (2d) 711, 717. *Penoso* v. *D. Pender Grocery Co.*, 177 Va. 245, 13 S. E. (2d) 310; *Jenkins* v. *Johnson*, *supra*.

The judgment is, therefore, reversed and final judgment will be rendered for the defendant.

*Reversed and final judgment.*

MILLER, J., concurring in result.

I agree with the result reached in the majority opinion that the plaintiff is not entitled to recover.

The facts of the case at bar are not such as to permit plaintiff to rely upon the doctrine of last clear chance.

Decedent was not within either class of parties entitled to invoke that doctrine, *i. e.,*—(1) a negligent but helpless party and thus one unable to protect himself to whom the defendant is liable if he saw or in the exercise of reasonable care should have seen him in time to have avoided the acci-

dent; nor (2) a negligently inattentive party in danger and unconscious of his peril, to whom, in my opinion, the defendant is liable only if he saw him and realized or should have realized that he was in danger in time to have avoided the accident by the exercise of reasonable care. Sections 479 and 480 of the Restatement of the Law of Torts, and 38 Am. Jur., "Negligence", sec. 224, p. 909. My view in this respect is set forth in my concurring opinion in *Anderson* v. *Payne*, 189 Va. 712, 54 S. E. (2d) 82, and *C. & O. Railway Co.* v. *Marshall*, 189 Va. 729, 54 S. E. (2d) 90.

It conclusively appears from the evidence that decedent was never within the first above mentioned class—"a helpless person in peril", for at no time immediately before the collision was he unable to avoid the accident. He could have prevented the mishap and saved himself at any time by stopping his slowly moving automobile.

Also absent is an essential factor to place him within the other class of parties entitled to invoke the doctrine. He was never *"unconscious of his surroundings"*, but merely unwittingly and carelessly underestimated the speed and proximity of defendant's oncoming car. Thus that necessary fact is lacking to place him within the other class—"a negligently inattentive party" oblivious of his impending peril to whom defendant owes the duty of exercising reasonable care only after he is apprised of his presence and realizes or should realize the danger.

In plain view of defendant's rapidly approaching automobile, decedent carelessly and in violation of the statute "cut the corner" and without giving the required hand signal, undertook to negotiate a left turn across the path of that vehicle when to do so rendered a collision inevitable. We thus have the picture of a negligent plaintiff who was not unconscious of the danger surrounding him nor in helpless peril, and a negligent defendant—the careless and unlawful conduct on the part of both being the cause of the collision. This pure and simple case of simultaneous negligence by both

drivers wholly lacks the necessary elements of the last clear chance.

SPRATLEY, J., concurring in result.

I agree that the facts of this case justify the conclusion reached by the majority, but I do so for reasons stated in the concurring opinion of Mr. Justice Miller.

It seems to me that the majority has overlooked the rule that the doctrine of the last clear chance applies as well to a negligent plaintiff as a negligent defendant, and that in its application the rule should not be allowed to supersede the defense of contributory or concurring negligence. However, so long as the majority of the court declines to recognize the difference between the situation of a negligent but helpless plaintiff, unable to protect himself, and that of a negligent, inattentive plaintiff in danger who can readily help himself, I must acquiesce in the formula adopted by the majority.

HUDGINS, C. J., concurs in this opinion.