194 Va. 398 (1952)
MANHATTAN FOR HIRE CAR CORPORATION OF RICHMOND
v.
RALPH MASON O'CONNELL.
Record No. 3984.
Supreme Court of Virginia.
December 1, 1952.
Lynwood E. Smith, for the plaintiff in error.
Gordon B. Ambler, Jr., for the defendant in error.
Present, All the Justices.
1. There is no statute that relieves an ambulance driver from the provision of | 46-203 of the Code of 1950 or lessens the rigor of that enactment for the operator of such a vehicle.
2. The doctrine of last clear chance does not supersede the defense of contributory negligence. It does not save a plaintiff from the bar of his own negligence unless he has shown that after the situation of peril created by his previous negligence was discovered, or ought to have been discovered, the defendant had a last clear chance to prevent the accident by using ordinary care.
3. Appellee drove his ambulance through a red light and collided with appellant who was passing through the green light. The ambulance relied on its flashing lights and siren, but appellant stated he did not hear or see them until it was too late to avoid the collision. Appellee contended he was entitled to a recovery under the doctrine of last clear chance, but the evidence indicated that appellee's reckless and unlawful entry of the intersection against the red light did more than merely create a condition out of which the collision arose. It was never a remote cause, but on the contrary, it was, and never ceased to be, an immediate and efficiently contributory cause of the mishap, and thus it barred recovery.
4. Under the facts of headnote 3, an instruction which submitted the case to the jury under the doctrine of last clear chance should not have been given, because it was conclusively shown that appellee's reckless conduct and violation of the statute efficiently contributed to the accident.
Error to a judgment of the Hustings Court, Part II, of the city of Richmond. Hon. M. Ray Doubles, judge presiding. The opinion states the case.
MILLER
MILLER, J., delivered the opinion of the court.
The record of a trial that culminated in a verdict and judgment against appellant, Manhattan For Hire Car Corporation, for personal injuries sustained by appellee, Ralph Mason O'Connell, is before us for review.
The accident happened between one and two o'clock p.m., August 23, 1949, when two motor vehicles collided at the intersection at Eighth and Grace streets in the city of Richmond. A stipulation entered into between the parties says that "it was raining hard" when the mishap occurred.
Eighth street, which is 52 feet wide from curb to curb, extends in a northerly and southerly direction, and Grace street, 45 feet in width, extends in an easterly and westerly direction. At the intersection of these streets, the movement of traffic is controlled by signal lights. Section 46-203, Code of 1950 (Acts 1948, ch. 23, p. 65), dealing with lights or semaphores, which was in effect when the accident happened, reads as follows:
"Signals by lights or semaphores shall be as follows: Red indicates that traffic then moving shall stop and remain stopped as long as the red signal is shown. Green indicates that traffic shall then move in the direction of the signal and remain in motion as long as the green signal is given."
"Amber indicates that a change is about to be made in the direction of the moving traffic. When the amber signal is shown, traffic which has not already entered the intersection, including the crosswalks, shall stop but that which has entered the intersection shall continue to move until the intersection has been entirely cleared."
"When semaphores are not in operation, the use of amber lights indicates need for caution." [1]
When the collision of the vehicles took place, appellee, an emergency ambulance driver for the city of Richmond, was driving an ambulance westwardly on Grace street and appellant's *400 taxicab was being driven northwardly along Eighth street by its agent, Harold F. Ware. The evidence discloses that the ambulance was proceeding in response to an emergency call, and as it approached Eighth street, its red warning lights were flashing and its siren was being sounded. As thus operated, it proceeded into the intersection against the red traffic light and at a speed of twenty to twenty-five miles an hour. Ware testified that because of the rain, the windows of his cab had been closed, and as the green traffic light was on for northbound traffic, he proceeded on into the intersection at about ten to fifteen miles an hour without being aware of the presence of the ambulance. He did not hear the siren until he was in the intersection, but there is evidence that others in the vicinity had heard it before the ambulance reached Eighth street, and there is some conflict in the testimony as to the speed of the respective vehicles as they proceeded toward and into the intersection. However, when the evidence is viewed in the light most favorable to appellee, it appears that the speed of the ambulance was about 20 miles an hour and that of appellant's taxi about 25 miles an hour.
Appellee did not see the taxi until his ambulance was entering Eighth street, and the cab was then about a car's length from Grace street. Ware first saw the ambulance about the time that he heard the siren, but as he had then entered Grace street, he was too close to the other vehicle to avoid the collision which took place in the center of the intersection or slightly to the west thereof. It is, however, shown that the driver of another car which was ahead of the taxi, heard the siren and stopped at the right curb near the southern edge of Grace street, and Ware passed that standing car on its left as he entered the intersection just prior to the collision.
Though the traffic light was green for northbound vehicles when the taxi entered the intersection, appellant concedes that the evidence was sufficient to establish negligence on Ware's part because of his failure to keep a proper look-out and because of the speed at which he was driving. Appellee admits that he violated section 46-203, Code of 1950, by entering the intersection against the red traffic light, but in the trial court he relied upon the doctrine of last clear chance, and at his instance, the following instruction was given: *401 
"The Court instructs the jury that the driver of the ambulance in driving through the red light was negligent, but the Court further instructs the jury that if the jury believe from a preponderance of the evidence that the driver of the ambulance thereby placed himself in a position of peril from which he could not by the exercise of reasonable care extricate himself, yet, if the jury further believe from the evidence that the driver of the taxi discovered the peril of the ambulance driver, or, by the exercise of ordinary care ought to have discovered his peril after the peril arose, and that thereafter the defendant, by the exercise of ordinary care could have avoided the collision and failed to do so, then the jury shall return their verdict in favor of the plaintiff."
"The Court further instructs the jury that if the plaintiff had an equal chance with the defendant to avoid the accident, or the last clear chance to do so, the plaintiff cannot recover. The defendant's chance must be the last chance and a clear chance; and if the negligence of the defendant is not the sole proximate cause of the accident, but the negligence of the plaintiff continues and is also a proximate cause, as distinguished from a remote cause, the defendant is not liable."
Appellant excepted to that instruction on the ground that there was no evidence that justified submission of the case to the jury under the doctrine of last clear chance, and also on the ground that the evidence conclusively proved that appellee was guilty of negligence which efficiently contributed to the collision and thus barred any recovery. Upon rendition of the verdict, appellant moved to set it aside as contrary to the law and evidence, and it now insists that on the evidence no verdict for appellee can be sustained.
Negligence on the part of the taxi driver has been established by the jury's verdict, and the correctness of that conclusion is not now questioned. Appellee's purposeful violation of the statute, i.e., section 46-203, supra, enacted to control the movement of traffic and for the protection of the public is admitted. Thus the sole question presented is: Does the evidence, when fairly weighed, sustain a finding in appellee's favor under the doctrine of last clear chance?
Notwithstanding appellant's negligence, if appellee's entry into the intersection against the red light was an efficient contributing cause of the collision, he cannot recover. *402 
In Virginia Elec., etc., Co. Holland, 184 Va. 893, 898, 37 S.E.(2d) 40, we said:
"A red light is a command to stop, just as a green light is a command to proceed. Code, sec. 2154(99) [now sec. 46-203]."
 There is no statute that relieves an ambulance driver from the provision of section 46-203 or lessens the rigor of that enactment for the operator of such a vehicle. Virginia Transit Co. Tidd, post, p. 418, 73 S.E.(2d) 405, this day decided.
Appellee was fully aware of the red light which forbade him to enter the intersection, and at any time before reaching Eighth street, he could have brought his vehicle to a stop. He was never in a position of danger or peril until he had entered the intersection. Yet he purposely and intentionally elected to violate the statute and enter at a time when he was fully aware that the green light for north and south bound traffic invited the entry into the intersection of vehicles proceeding in those directions. Though he was unaware of the near approach of the cab, he was never unconscious of the fact that his unlawful and reckless entry of Eighth street was fraught with danger, i.e.,
the entry of other cars into the intersection from the north or south. But in disregard and defiance of that danger, he undertook by siren and flashing lights illegally to assert a right of way to which he was not entitled.
Nor was he at any time in peril and helpless to extricate himself from the danger of the approaching cab until he had entered the intersection, and at that time it was too late for the driver of the cab to avoid the collision.
 "The doctrine of last clear chance does not supersede the defense of contributory negligence. Frazier Stout, 165 Va. 68, 181 S.E. 377. It does not save a plaintiff from the bar of his own negligence unless he has shown that after the situation of peril created by his previous negligence was discovered, or ought to have been discovered, the defendant had a last clear chance to prevent the accident by using ordinary care. Jenkins Johnson,"
186 Va. 191, 42 S.E.(2d) 319; Saunders Temple, 154 Va. 714, 153 S.E. 691." Lanier Johnson, 190 Va. 1, 5, 55 S.E.(2d) 442."
"Whether the doctrine applies is to be determined by the facts of the particular case. The defendant's chance must be the last chance and a clear chance; and if the negligence of the defendant is not the sole proximate cause of the accident, but *403 the negligence of the plaintiff continues and is a proximate cause, as distinguished from a remote cause, the defendant is not liable. Stuart Coates, 186 Va. 227, 238, 42 S.E.(2d) 311, 316-17." Anderson Payne, 189 Va. 712, 719, 54 S.E.(2d) 82.
 Appellee's reckless and unlawful entry of the intersection against the red light did more than merely create a condition out of which the collision arose. It was never a remote cause, but on the contrary, it was, and never ceased to be, an immediate and efficiently contributing cause of the mishap, and thus it bars recovery. Hooker Hancock, 188 Va. 345, 49 S.E.(2d) 711,
Burton Oldfield, ante, p. 43, 72 S.E.(2d) 357, Whichard Nee, ante, p. 83, 72 S.E.(2d) 365, Hardiman Dyson, ante, p. 116, 72 S.E.(2d) 361.
 The instruction which submitted the case to the jury under the doctrine of last clear chance should not have been given, because it is conclusively shown that appellee's reckless conduct and violation of the statute efficiently contributed to the accident. The verdict and judgment of the trial court will be vacated and judgment entered here in favor of appellant.
Reversed and final judgment.
NOTES
[1] This section was slightly amended by Acts 1952, ch. 671, p. 1120.