## Richmond

ARTHUR CRAIGHEAD, ADMINISTRATOR OF THE ESTATE OF MARVIN LATHERN CRAIGHEAD, DECEASED v. WALTER SELLERS.

June 8, 1953.

Record No. 4046.

Present, All the Justices.

The opinion states the case.

*Stuart B. Carter, E. C. Westerman, Jr.,* for plaintiff in error.

*Woods, Rogers, Muse & Walker,* for defendant in error.

EGGLESTON, J., delivered the opinion of the court.

Marvin Lathern Craighead, while walking along the highway, was struck and killed by a car driven by Walter Sellers. In an

action for wrongful death by the administrator against Sellers, after the conclusion of the plaintiff's evidence the trial court struck the evidence on the ground that it showed, as a matter of law, that the accident was proximately caused by the concurring negligence of the decedent and the defendant.

The sole issue presented to us is whether the case should have been submitted to the jury upon proper instructions embodying the doctrine of last clear chance.

The accident occurred about 6:10 a. m. on February 25, 1951, on U. S. Highway 11 in Roanoke county, about 500 feet south of the Botetourt county line. Here Route 11 runs approximately north and south and is a modern dual road, with two paved 12-foot southbound lanes and similar northbound lanes, separated by a grass "island" or parkway some 14½ feet wide. There is a conflict in the evidence as to whether at the time of the accident the conventional white line shown on the photographs introduced in evidence, dividing the two southbound lanes, had been painted on the pavement. Adjoining the paved roadway on the west is a hard, smooth, firm shoulder 14 feet wide. As the highway proceeds southward it bends to the right in a long sweeping curve. At the time of the accident the pavement was dry, the weather clear, and day breaking. The passing vehicles were using their headlights.

The defendant, Sellers, was driving a 1935 Chevrolet sedan southwardly along the highway, from his home in Botetourt county to his place of employment in the city of Roanoke. Craighead, a 23-year-old colored man of dark complexion and dressed in dark clothes, was walking northwardly on the pavement and thus facing the oncoming Sellers' car.

Besides Sellers, there were three eyewitnesses to the accident, Fred Anderson, George Bruce and Theodore Smith. These three men were standing on the west side of the highway, waiting for a southbound bus, and saw Craighead when he was about 300 feet south of them and noted that he was "staggering" as he walked along the pavement. According to the testimony of Bruce and that of Smith, Craighead was walking in the easternmost southbound lane, or that adjoining the grass island, and was staggering back and forth from the grass plot to the middle line. According to Anderson, Craighead "was going from that side to this side," and at times crossing the white center line.

Shortly after these men had observed Craighead the south-

bound Sellers car, proceeding at a moderate rate of speed, came into view. The men kept their eyes on the car and the pedestrian and saw the impact, which occurred about 263 feet south of where they were standing. The car did not reduce its speed and as it reached Craighead he "staggered right into it," as Bruce and Smith said, or "stepped right into it," as Anderson said. The car was brought to a stop on the shoulder, about 125 feet south of the point of impact.

Sellers, called as an adverse witness by the plaintiff, testified that as he approached the scene of the accident he was driving at approximately forty miles per hour, which was within the permitted speed limit of fifty miles for that zone; that he was driving with his "low beam" lights on and did not see Craighead until he was "close by him;" that Craighead was then "coming right towards me" and walking "right on the white line;" and that he (Sellers) tried to put on his brakes and turn to the right in the effort to avoid striking the man, but "just could not make it." The left front headlight struck Craighead, inflicting injuries of which he later died.

A State trooper who visited the scene within a short while, testified that scattered glass indicated that the impact had occurred approximately in the center of the road.

There is evidence that notwithstanding the curve in the road the driver of a southbound car had an unobstructed view for a distance of more than 600 feet before reaching the point where the impact occurred.

There is also evidence that Craighead had been seen at a dance hall about three hours prior to the accident and was "drunk" and "staggering," but "not down." What his condition was at the time of the accident is not shown, beyond the fact that just before the impact he was seen staggering along the road, and shortly thereafter the State trooper noted the odor of alcohol on his breath.

These related facts would have amply warranted a finding by the jury that the defendant, Sellers, by the exercise of a reasonable lookout, should have seen the pedestrian sooner and that his failure to do so constituted negligence. Indeed, his counsel admit this.

The contributory negligence of Craighead is equally plain. As he walked along the highway he violated the mandate of Code, § 46-247, as amended by Acts 1950, ch. 433, p. 850, that

he "keep to the extreme left side or edge thereof." Facing the oncoming car, and heedless of its approach, he continued to walk toward it until the moment of the impact. As has been said, the uncontradicted evidence is that he "staggered" or "stepped right into" the car. If he was intoxicated, as the plaintiff claims, such intoxication would explain but not excuse his negligence. *Hardiman* v. *Dyson,* 194 Va. 116, 120, 72 S. E. 2d 361, 364.

Counsel for the plaintiff argue that notwithstanding the negligence of Craighead it was for the jury to say whether the defendant had the last clear chance to avoid striking him and was negligent in not doing so. The argument runs thus: Craighead was drunk and helpless and unconscious of his peril; the three men standing by the highway saw him "staggering" along the road when he was about 300 feet south of the point where the impact occurred; the defendant had an equal opportunity of seeing him for the same distance had he been keeping a proper lookout, and in fact should have seen him earlier since the road was straight and the view unobstructed for a distance of more than 600 feet.

The doctrine of last clear chance does not wipe out or supersede the defense of contributory negligence. *Anderson* v. *Payne,* 189 Va. 712, 718, 54 S. E. 2d 82, 85. It applies only when the negligence of the defendant becomes the proximate cause and the antecedent negligence of the plaintiff a remote cause. *Umberger* v. *Koop,* 194 Va. 123, 133, 72 S. E. 2d 370, 377. It is inapplicable where the negligence of the plaintiff is continuing and concurs with that of the defendant as an immediate, proximate and efficient cause.

In order for the plaintiff to recover under the doctrine the burden is on him to show by a preponderance of the evidence that he was in a situation of peril, of which he was unaware or from which he could not by the exercise of reasonable care extricate himself, and that after his peril was discovered, or ought to have been discovered, the defendant had a last clear chance to save him by the exercise of ordinary care. *Anderson* v. *Payne, supra,* 189 Va., at page 719, 54 S. E. 2d, at page 85.

Applying these principles, we are of opinion that the trial court was right in holding that there was insufficient evidence to submit the case to the jury under the doctrine of last clear chance. There is no showing that prior to the moment

Craighead stepped into the path of the moving car he was in a situation of peril, of which he was unaware or from which he could not by the exercise of reasonable care have extricated himself. He was not lying helpless in the path of the automobile, but moving on foot. *Cf. Washington & Old Dominion R. R.* v. *Taylor,* 188 Va. 458, 50 S. E. 2d 415. While witnesses saw Craighead staggering back and forth across the road, there is no evidence that the defendant had any opportunity to observe that he was intoxicated or helpless, or that he would walk into the path of the oncoming car which was in plain view. The paved road was 24 feet wide and afforded ample space for the pedestrian to have kept clear of the lane in which the car was traveling. It is plain, we think, that the negligent act of the decedent in walking into the path of the oncoming car was an immediate and proximate cause, if not the sole proximate cause, of his death. The undisputed evidence is that at that instant the car was so close that the driver had no opportunity to avoid striking him. *Hardiman* v. *Dyson, supra.*

For these reasons we are of opinion that the judgment is plainly right and it is

*Affirmed.*

MILLER, J., concurs in the result.