Frances Theresa **KATIS**, Administratrix of the Estate of Edward J. Katis, Appellant,

v.

Francis A. **REISSIG**, Appellee.

No. 12113.

United States Court of Appeals District of Columbia Circuit.

Argued March 14, 1956.

Decided April 5, 1956.

Mr. John H. Dougherty, Washington, D. C., for appellant.

Mr. Denver H. Graham, Washington, D. C., with whom Messrs. Albert E. Brault and John L. Schroeder, Washington, D. C., were on the brief, for appellee.

Before FAHY, WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment entered upon a jury verdict in favor of the appellee, defendant in the District Court, in an action against him by appellant for allegedly negligently causing the death of appellant's decedent. The latter was killed when diagonally trotting across a highway in Virginia after alighting from a truck in which he had been riding with another young man. It was night, and as decedent crossed the highway his back was partially turned away from an

oncoming automobile driven by appellee. Appellee's automobile struck decedent, with death resulting.

 The sole ground of appeal is that the trial court's instruction on the doctrine of the last clear chance was confusing. Assuming the charge was inaccurate we cannot find that any substantial rights of appellant were prejudiced. The portion of the instruction of which he complains cannot be said to have confused the jury in its consideration of the issues of negligence and contributory negligence, and any inpreciseness of the instruction on the doctrine of the last clear chance is immaterial because appellant was not entitled to an instruction on that doctrine. Under any reasonable view of the evidence appellant failed to prove that as decedent crossed the road in front of appellee's oncoming car there arose a factual situation giving appellee a clear chance to avoid the accident, even though that chance be judged as of the time appellee should have seen decedent. See, *e. g.*, Burton v. Oldfield, 194 Va. 43, 72 S.E.2d 357; Whichard v. Nee, 194 Va. 83, 72 S.E.2d 365. Moreover, under what appears to be the majority view in the Supreme Court of Appeals of Virginia there can be no recovery on the last clear chance theory where the injured person's *continuing negligence is a proximate cause of the accident,* as was true in this case. Anderson v. Payne, 189 Va. 712, 54 S.E.2d 82; Manhattan for Hire Car Corp. v. O'Connell, 194 Va. 398, 73 S.E.2d 410; Burton v. Oldfield, supra; Whichard v. Nee, supra. And under the rule favored by the minority of that court appellant could not recover because there is no evidence appellee actually saw decedent in time to avoid the accident. Anderson v. Payne, supra, 189 Va. at page 721, 54 S.E.2d at page 86 (concurring opinion). See, generally, Van Dyck, "Last Clear Chance in Virginia," 40 Va. L.Rev. 637; Note, "The Doctrine of Last Clear Chance in Virginia," 40 Va.L.Rev. 666; United States v. Morow, 87 U.S. App.D.C. 84, 182 F.2d 986.

Affirmed.